## McCARN & SCOTT *v.* RIVERS.

An amendment of a petition in a suit commenced by attachment, by setting out copies of the assignment of the note and account on which the suit was brought, is not such an amendment as presents a new cause of action, nor such a departure from the case first made, as will warrant the dissolution of the attachment.

A failure to attach to the petition a copy of the instrument or account declared on, is a cause of demurrer only; and no more fatal consequences should follow, where a copy of an assignment is omitted.

*Appeal from the Johnson District Court.*

TUESDAY, DECEMBER 14.

The petition of plaintiff claims upon an account and a note, and also asks an attachment, which was issued. A part of the account was made with Ryan & McCarn, and the note was payable to their order. To this petition there was a demurrer, for the reason, in substance, that it did not appear that plaintiffs had any right to the account and note, or to bring suit upon the same. Plaintiffs asked and obtained leave to amend, which they did by setting forth the same causes of action, and showing the assignment of the account and note. Defendant then moved to dissolve the attachment, for the causes stated in the opinion of the court. This motion was sustained, and upon this plaintiffs assign error.

*Templin & Fairall*, for the appellants.

*W. E. Miller* and *Clark & Bro.*, for the appellees.

WRIGHT, C. J.—The motion to dissolve the attachment should have been overruled. The causes assigned therein are, that the writ issued before any petition was filed, as required by law; that plaintiffs had withdrawn their original cause of action; that they had made a new cause; and that the writ did not correspond with the petition last filed. These causes assume that the original petition was so substantially and fatally defective, and wanting in every requisite, that no writ of attachment could properly issue; and, in the second place, that the amendment presents a new cause of action—is a departure from the case first made—and is, therefore, a withdrawal of that which was the basis of the writ.

The only conceivable objection to the original petition was, that the copies of the account, and note attached, did not show that they had been assigned. The petition itself

states they are the property of plaintiffs, and that the account is theirs by assignment. No copy of the assignment upon the note or account, is attached, however. The amendment attaches the same account, and note, and shows that they were assigned. And it is further to be remarked, that the original petition also claimed upon an account for goods, sold and delivered by plaintiffs themselves to defendant. As to this last cause, therefore, there is no pretence for the position that the petition was fatally defective, and that, at least, was a sufficient basis for the attachment. But there is little ground for claiming that there was "no petition," (to use the language of appellee's argument), as to the other causes. A failure to attach a copy of the instrument, or account, declared on, is a cause of demurrer. Code, section 1750. This is the consequence of such failure, as declared by the express language of the Code. No more fatal consequences should follow, where a copy of the assignment (if any), is omitted.

The assumption that plaintiffs, by their amendment, withdrew their original cause of action, and made a new and distinct one, is entirely unfounded. The amendment was entirely legitimate, and followed the case first made. Code, sections 1756–60, 2511.

Judgment reversed.