### O. E. BOYD v. R. M. BEVILLE.

#### No. 614.—Decided February 7, 1898.

**1.   Attachment—Amendment—New Cause of Action.**

A petition in an attachment suit may be amended, though defective in its allegations, and if the amended cause of action is one of which defendant was reasonably apprised by the original petition the attachment will not be affected. But the introduction of a new cause of action will abate an attachment issued upon the original one.   (P. 442.)

**3.   Same—Surety—Pleading.**

An amended petition by a surety, seeking recovery upon the implied promise of his principal to indemnify him, would be a departure from an original petition in which he sued as holder of the note, and would not support an attachment issued on such original petition.   (But the original petition, for which see opinion, was here held to be also a suit for indemnity.)   (Pp. 442, 443.)

**3.   Same—Good Faith of Amendment.**

An amendment made to increase the amount claimed will not support an attachment for an amount greater than was claimed by the original petition, on which it was issued, when made untruly and without expectation of proving it.   (Pp. 444, 445.)

**4.   Same—Case Stated.**

In a suit by a surety on a note, upon the implied promise of his principal to indemnify him for the enforced payment thereof, motion was made to quash an attachment because issued for a greater amount than the petition showed to be due; plaintiff amended alleging the collection from him also of attorney's fees provided for in the note; in reply it was alleged and shown that plaintiff had not made, nor expected to prove, payment of such fees.   Held, that, the amendment not being made in good faith, the attachment was properly quashed.   (Pp. 440 to 445.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Wise County.

*R. E. Carswell*, for plaintiff in error.—There was a material variance between the cause of action set out in appellant's original petition and the cause of action set out in the affidavit for the attachment filed with it.   Faires v. Cockrell, 88 Texas, 431; Acres v. Curtis, 68 Texas, 425; Maddox v. Craig, 80 Texas, 602; Daniel, Negotiable Inst., 1342; Brandt, Suretyship, 177-8, 182-3.

There being a material variance between the petition and affidavit, the effect could not be avoided by an amended petition setting up a new and distinct cause of action.   Avery v. Zander, 77 Texas, 207; Lutterloh v. McIlhenny Co., 74 Texas, 75; Evans v. Tucker, 59 Texas, 250; Marx & Kempner v. Abramson, 53 Texas, 265.

*Spencer & Basham* and *Bullock & Tankersley*, for defendant in error.—The petition declaring on the notes, making them exhibits and referring to them as part of same, which petition and exhibits show that defendant in error sought to recover the interest and attorney fees as in said notes provided, making the amount sought to be recovered eleven hundred and seventy-eight dollars and fifteen cents, being the amount stated in his affidavit.   Without questioning the rule as laid down in the cases of Faires v. Cockrell, Willis v. Chowning, and Cleaveland v. Carr, cited by plaintiff in error, yet we submit that although defendant was in error as to the amount that he could recover, and sought to recover interest at the conventional rate when he was only entitled to recover legal, and sought to recover attorney fees when he was entitled to none, still his attachment should not have been quashed because of the alleged variance between his petition and affidavit, because there was none.   Conceding that defendant in error's right of action was on the implied promise of his principal, and that he could only recover legal interest, and no attorney fees, still he sued and sought to recover ten per cent interest and ten per cent attorney fees as in said notes provided, making the sum of eleven hundred and seventy-eight dollars and fifteen cents, being the same as stated in his affidavit.

If there was a variance between the original petition and the affidavit for attachment the petition was amendable, and defendant's objection was cured by the subsequent amendment.   Cox v. Trent, 1 Texas Civ. App., 639; Tarkington v. Broussard, 51 Texas, 550; Marx & Kempner v. Abramson, 53 Texas, 264; McDannel v. Cherry, 64 Texas, 177; Ward v. Lathrop, 11 Texas, 287.

BROWN, ASSOCIATE JUSTICE.—The defendant in error, R. M. Beville, instituted this suit in the District Court of Wise County against O. E. Boyd, by original petition filed February 12, 1895, which, after the formal statement of names and residences of the parties, contained the following allegations:   "That heretofore, to-wit, on the 3rd day of October, 1894, the said defendant O. E. Boyd made, executed, and for a valuable consideration delivered to the Wise County National Bank

his certain promissory note in writing, whereby he promised to pay, on the 27th of January, thereafter, the sum of one thousand dollars, with interest thereupon at ten per cent per annum from maturity thereof, and also ten per cent as attorney's fees if sued upon or placed in the hands of an attorney for collection; that plaintiff R. M. Beville subscribed said note with said defendant, and that, though it appears therefrom that said plaintiff is a principal in the payment thereof, said plaintiff in truth and in fact subscribed the same as a surety merely, for the accommodation of said defendant Boyd. That said note has been by plaintiff fully discharged by him and was then by said bank transferred and endorsed to plaintiff." The petition then sets up the making of another and different note, which it is not necessary to notice here, because it is in no way involved in the questions to be decided. After making the allegations with regard to the last named note the original petition continued as follows: "That the said sums of money mentioned in said two notes, though long since due, has never been paid, and that said defendant, though often requested, has wholly failed and refused to pay the same or any part thereof." And closed with a prayer "that he have judgment for said sums of money and costs of suit, and general relief."

The plaintiff Beville made oath that the defendant O. E. Boyd "is justly indebted to him in the sum of $1178.15," and having given bond as required by law, a writ of attachment was issued upon the said petition and affidavit, which was levied upon the property of the defendant Boyd. .

May 30, 1895, defendant Boyd filed in the said court a motion to quash the writ of attachment issued in that cause, based upon the following ground, "because of a variance between the petition and the affidavit for the writ of attachment, and the writ of attachment, in this —to-wit—plaintiff's original petition filed herein shows that plaintiff is only entitled to recover against defendant the sum of $1077.97, while the affidavit for the writ of attachment alleges the indebtedness against defendant to be the sum of $1178.95, and the writ of attachment issued for $1178.95."

On June 6, 1895, the plaintiff Beville filed his amended original petition, which contained all of the facts alleged in the original petition concerning the note upon which the defendant was principal and the plaintiff surety, and in addition the amended petition charged that the note when due was not paid by the defendant Boyd, and had been by the bank, the payee thereof, placed in the hands of an attorney for collection, and that plaintiff was compelled to pay in discharge of the said note, the principal, interest and attorney's fees at ten per cent. This amended petition likewise set up the other note which was embraced in the original petition, and under the allegations of the amended petition the sum claimed was the same as that embraced in the affidavit upon which the writ of attachment issued. The amended petition also contained some other matter with reference to a mortgage executed by Boyd to the bank and to which the plaintiff claimed to be subrogated, which

was not embraced in the original petition and need not be further noticed here.

On the same day that the amended original petition was filed, the defendant Boyd filed what is denominated a motion to abate the writ of attachment, in which he sets up the filing of the original petition, giving the substance of its allegations, and also sets up the making of the affidavit for attachment, the bond, the issue of the writ, and the levy of it upon his property; also that the original petition did not allege that the attorney's fees were due to the plaintiff, and did not pray for them, but that, in order to cure the variance between the petition and affidavit, the amended original petition fraudulently and falsely alleged that the note to the bank, upon which the plaintiff claimed to have been the surety, had been placed in the hands of an attorney for collection, and that the plaintiff had paid the attorney's fees provided for therein, distinctly alleging the fact to be that the note was never placed in the hands of an attorney, and that the plaintiff Beville never paid the attorney's fees mentioned in the note and sued for by him.

The District Court quashed the writ of attachment, and the plaintiff recovered judgment for a part of the claim sued for and appealed to the Court of Civil Appeals for the Second District, which reversed the judgment of the District Court in so far as it quashed the writ of attachment, and entered judgment foreclosing the lien of the attachment upon the property levied upon under the said writ.

The Court of Civil Appeals held that the plaintiff had the right to sue the defendant upon the original note which the former had discharged as the surety of the latter, and to recover upon such note to the same extent that the payee thereof could have recovered, without regard to the amount paid by the surety in discharging the note.

The amended petition distinctly placed the plaintiff's right of action upon the implied promise which the law raises that the principal in a promissory note or other contract will indemnify his surety in case the latter is required to pay the same or any part of it, and if the original petition which was filed in this case was based upon the note as a contract belonging to the plaintiff, then we think it follows necessarily that the filing of the first amended original petition—which set up a new cause of action—operated as a dismissal of the original petition and the beginning of a new suit. Bigham v. Talbot, 63 Texas, 273; Railway Company v. Pape, 73 Texas, 502; Railway Company v. Scott, 75 Texas, 85; Wooldridge v. Hathaway, 45 Texas, 380.

The new amendment, having introduced a new cause of action constituting a suit, had the effect to discharge the writ of attachment which was sued out under the original petition. Stewart v. Anderson, 70 Texas, 588; Lutterloh v. McIlhenny & Co., 74 Texas, 75. In the last case cited suit was instituted by McIlhenny & Co. against a firm of which Lutterloh was at one time a member, upon a note signed with the firm name, and an attachment sued out which was levied upon the property of Lutterloh, who pleaded non est factum to the note. Whereupon the

plaintiffs filed a supplemental petition in which they alleged that Lutterloh had been a member of the firm before the note was given, and that while he was a member the plaintiff sold goods, wares and merchandise to the said firm, for the price of which the note sued upon was given, and asked judgment against Lutterloh upon the account. The trial court rendered judgment against Lutterloh upon the account and foreclosed the attachment lien upon the property levied upon; which this court held to be wrong, and said: "The statutes provide that no attachment shall issue until the suit has been duly instituted. When the suit is instituted the defendant is advised by averment of the petition of the cause of action against him and upon which the attachment has issued against his property. We think it would be a radical departure from the construction uniformly given to attachment laws to hold that the writ may be sued out on one cause of action and the lien acquired by its levy foreclosed and the property sold to satisfy a judgment rendered upon a different cause of action. We think the court erred in rendering judgment foreclosing the attachment lien on Lutterloh's property."

The proposition upon which the Court of Civil Appeals reversed the judgment of the District Court and foreclosed the attachment lien does not arise in the present condition of this case, because as before stated the original suit (if upon the note) had been abandoned, recovery was had upon a different cause of action, and the writ of attachment must be judged by the pleading on which judgment was entered.

We are of opinion, however, that the original petition was in fact founded upon the implied promise, which arose by law out of the facts in favor of the plaintiff against the defendant, i. e.: that the latter would indemnify the former for such sums as he might pay in discharging the note, but failed to allege facts which entitled plaintiff to recover the attorney's fees, and the question arises whether the amended petition can be relied upon to sustain the writ of attachment.

In the case of Tarkinton v. Broussard & Co., 51 Texas, 550, a petition was filed which was defective in its allegations and did not show a right of recovery against the defendant; upon which petition the plaintiff sued out a writ of attachment and afterwards amended the petition so as to cure the defects. The question arose whether or not the amendment operated to discharge the attachment, and this court said:

"The petition originally presented, and upon which the attachment issued, declared upon a promissory note mentioned therein and a copy of which was made a part thereof, and upon which the judgment was finally rendered, but was so defective in not stating to whom the same was delivered or to whom it then belonged as not to be good on general demurrer. This, however, was cured by subsequent amendment.
* * *
"The question arising upon this state of pleading is this: Is a petition in attachment upon a sufficient cause of action, but which is so defective in its allegations as not to be good on general demurrer, and

which is subsequently cured by amendment, sufficient, under our practice, to support the attachment sued out thereon?

\* \* \*

"Though the petition may be subject to special or general demurrer, yet, under our practice, if the suit is founded upon a proper cause of action, described therein with such certainty as to reasonably apprise the defendant of the same, an amendment will relate back to the date of the commencement of the suit."

In that case the writ of attachment was upheld and this ruling is sustained by the authorities of which we cite the following: Sweetzer, Pembroke & Co. v. Claflin & Co., 82 Texas, 513; 1 Encycl. Pl. and Prac., Subject: "Amendment," p. 676, and note 1; Kellogg v. Kimball, 142 Mass., 128; Ball v. Claflin, 5 Pick., 303; Miller v. Clark, 8 Pick., 411; Crane v. Daggett, 10 Mo., 108; Austin v. Town of Burlington, 34 Vt., 512; McCarn & Scott v. Rivers, 7 Iowa, 404; Drake on Attachments, secs. 285 and 287.

We conclude that the amended original petition filed in this case did not set up a different cause of action from that alleged in the original petition, but supplied allegations which were necessary to enable the party to recover the attorney's fees mentioned in the note alleged to have been paid off by the plaintiff as the surety of the defendant. This amendment will sustain the writ of attachment unless it was made for the purpose of avoiding the objection that there was a variance between the affidavit for attachment and the original petition and also with the knowledge on the part of the plaintiff and his counsel that the allegations supplied by amendment were false and with no expectation of making proof of them upon the trial.

In Austin v. Town of Burlington, 34 Vt., 512, the court said: "An attaching creditor has not, as against the subsequent attaching creditors, receiptors ro sureties, any right to amend his declaration so as to enhance his damages and increase his lien upon the property attached beyond the amount originally and really intended to be sued for. But so long as he acts in good faith and embraces in his new declaration only the original cause of action intended to be described, he may, without hazard to his security, correct by amendment all mere errors of form, of misdescription and of want of technicality."

The following rule is prescribed by the Supreme Court for the government of district and county courts in the conduct of their business:

"51.  Any attorney who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading presenting a state of case which he knows to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of contempt; and the court of its own motion, or at the instance of any party, will direct an inquiry to ascertain the facts."

The rule above quoted does not specifically embrace the act charged in the motion to abate the attachment in this case, in this, that the rule

specifies that the false statement in the pleading must be made for the purpose of obtaining delay, while in this case it is charged that the false statement was made for the purpose of avoiding the effect of a motion to quash the attachment and for the purpose of continuing upon the defendant's property a lien wrongfully fixed thereon. The spirit and intent of the rule prescribed was to enforce the observance of that sound and wholesome principle of pleading that allegations contained in pleas filed in court shall be true, at least that they shall not be false within the knowledge of the pleader, and the act charged in the motion to abate the attachment comes within the spirit of rule 51. Hillebrant v. Booth, 7 Texas, 500; Barry v. Screwmen's Association, 67 Texas, 254.

It is going quite far enough in attachment proceedings to permit plaintiffs to cure defects in their petitions which grow out of mistakes or inadvertance, and we think that it is a violation of the rule of the court for a party knowingly to set up false allegations in his amended petition in order to perpetuate upon the defendant's property a lien which he otherwise could not maintain.

The defendant in error does not contest the assertion that the allegations in the amended petition that the note had been "placed in the hands of an attorney for collection and that he, the plaintiff, had been compelled to pay the attorney's fees in discharge of said note" were false, and were made with full knowledge on the part of the plaintiff and his attorney that they were untrue and with no expectation that they would be established by proof on the trial; in fact, it was admitted upon the trial that these allegations were untrue, and there was no claim on the part of the plaintiff that he had ever paid the attorney's fees mentioned in the note and claimed in the amended petition. The District Court did not err in quashing the writ of attachment.

The Court of Civil Appeals erred in reversing the judgment of the District Court in so far as it quashed the writ of attachment in this case and in foreclosing the lien of the attachment upon the property of the plaintiff in error and the judgment of the said Court of Civil Appeals to the extent that it reversed and reformed the said judgment of the District Court is hereby reversed and the judgment of the District Court is affirmed.

*Judgment of Court of Civil Appeals reversed.*
*Judgment of District Court affirmed.*