### SAN ANTONIO & A. P. RY. CO. v. BRACHT.

(Court of Civil Appeals of Texas. San Antonio. May 7, 1913. Rehearing Denied May 28, 1913.)

1. LIMITATION OF ACTIONS. (§ 127*)—PETITION —AMENDMENTS.

The running of limitations is stopped pending an action as to the cause of action alleged in the petition but not as to an amended petition setting up a new cause of action and asking for a different or inconsistent remedy.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

2. LIMITATION OF ACTIONS (§ 127*)—PETITION —AMENDMENTS.

Where the original petition against a carrier declared on tort charging the carrier with negligently failing to divert on the request of the shipper a car of freight, an amended petition, declaring on an express parol contract made with an agent of the carrier giving the shipper the right to sell his goods while in transit and on notice to have them diverted to a new destination and delivered to the buyer, set up a new cause of action, and limitations against it ran until it was filed, because the same evidence would not support the allegations of the original and amended petitions and the measure of damages would not be the same.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

Appeal from Aransas County Court; Roy Jackson, Judge.

Action by A. L. Bracht against the San Antonio & Aransas Pass Railway Company and others. From a judgment for plaintiff against defendant named, it appeals. Reversed and rendered.

E. Gordon Gibson, of Rockport, and Kleberg & Stayton, of Corpus Christi, for appellant. W. H. Baldwin and E. A. Stevens, both of Rockport, for appellee.

TALIAFERRO, J. This was an action by the appellee against the San Antonio & Aransas Pass Railway Company, the Gulf, Colorado & Santa Fé Railway Company, and the Atchison, Topeka & Santa Fé Railway Company to recover damages arising from the failure upon the part of the defendants to transport a car load of vegetables from Gregory, Tex., to Minneapolis, Minn. In his original petition, filed September 28, 1909, appellee alleged that he delivered the car load of vegetables in question to appellant on the 13th day of May, 1908, at Gregory, Tex., consigned to S. T. Fish & Co. at Chicago, Ill.; that on May 14th he sold the car of vegetables to Gamble & Robison, at Minneapolis, Minn., for $555.30, and on the same day notified and instructed appellant to stop the car at Kansas City, Mo., and divert it to Minneapolis and there deliver same to Gamble & Robison. It was alleged that it was the duty of appellant and its connecting carriers to obey the order to divert the car from its original destination, and that because of the appellants' negligent failure to do so he had been compelled to sell the goods on the market at Chicago for $255.26, thereby suffering actual damages in the sum of $297. It was alleged that the failure of appellants to obey the order of appellee and send the car to Minneapolis required appellee to incur an additional expense of $50, and that the said action of the appellants

in refusing to divert the car was prompted by malice, and he prayed for $250 exemplary damages. On April 19, 1912, an amended petition was filed. The claims for $50 expenses and $250 punitive damages were abandoned, and the following verbal contract was alleged to have been made between the shipper and the railway company, viz.: "That said shipment was a through shipment, consigned to S. T. Fish Com. Co., Chicago, Ill., all charges paid and secured to be paid by plaintiff under a contract, agreement· and understanding with the defendants that plaintiff had the right to sell said car of vegetables, and to have same diverted to the purchasers thereof en route; by reason of which the defendant companies, jointly and severally agreed and undertook to transport said car of vegetables to its destination, and to divert said car en route to any consignee thereafter named by plaintiff." It was further alleged that the car of vegetables was sold, and that appellee in accordance with the terms of the contract notified the appellant of the sale and of its terms and instructed it to divert the car from Kansas City to Minneapolis accordingly. To the amended petition appellant presented a special exception upon the ground that the same set up and declared upon a new cause of action alleged in his original petition and that the petition showed upon its face that said cause of action, if it ever existed, was long since barred by the two-year statute of limitations. By supplemental petition appellee presented a special exception to the portion of appellant's answer above stated, which exception the court sustained, and the case went to trial on the plaintiff's first amended original petition and defendants' general denial. The case was tried without a jury, and the court rendered judgment for appellee in accordance with his prayer, against appellant, and the cause was dismissed as to all the other defendants.

A number of assignments of error are urged, but ·only the fourth, fifth, and sixth need be considered. These assignments present, by various propositions, the contentions that the court erred in sustaining appellee's exception to its said answer, and that the amended petition declared upon a new cause of action which was shown upon the instrument itself to be barred by limitations. These assignments must be sustained. It is a vexatious question of pleading to determine when an amendment asserts a new cause of action or ground of defense.

[1] When a suit is filed and the defendant is properly served with citation showing the cause of action against him, the running of the statute of limitation as to such complaint is stopped during the pendency of the suit. But the defendant has a right to assume that the cause of action declared upon is the very one that the plaintiff will attempt to prove and the statute will continue to run against every other demand. And here lies the difficulty. So long as the original complaint and demand are retained and imported into the new pleading, the cause remains the same; but, where the allegations are so changed as to set up a new complaint supported by new facts and asking for a different or inconsistent remedy, the cause is new.

[2] Every case must, of course, be determined upon its own facts; but certain tests have been applied by the courts which greatly aid in reaching a proper conclusion in all cases. Judge Brown, in Lumber Co. v. Water Co., 94 Tex. 456, 61 S. W. 707, states the rule as follows: "If the facts alleged in the sixth amended petition do not express substantially the same contract as that set up in the original petition, then the judgment of the court sustaining the exception must be affirmed. It is not sufficient that the causes of action be similar in their nature, but they must be essentially identical. Four tests are laid down by which to determine the identity of the causes of action: (1) Would a recovery had upon the original bar a recovery under the amended petition? (2) Would the same evidence support both of the pleadings? (3) Is the measure of damages the same in each case? (4) Are the allegations of each subject to the same defense? 1 Am. & Eng. Enc. of Pl. & Pr. p. 556. We are of opinion that the second and last furnish the best tests by which to determine the matter before us, and we can safely say that if the same testimony would not support the allegations in each of these pleas, and that the same defenses could not be interposed to each of them, they are not identical, and therefore the amended petition presents a new cause of action. McLane v. Belvin, 47 Tex. 493; Bigham v. Talbot, 63 Tex. 271; Railway v. Pape, 73 Tex. 502 [11 S. W. 526]; Railway v. Scott, 75 Tex. 84 [12 S. W. 995]; Boyd v. Beville, 91 Tex. 439 [44 S. W. 287]; Cotton v. Rand, 93 Tex. 24 [51 S. W. 838, 53 S. W. 343]; Whalen v. Gordon, 95 Fed. 314 [37 C. C. A. 70]; Scoville v. Glasner, 79 Mo. 449."

In Booth v. Houston Packing Co., Chief Justice Fly said: "The original petition did not declare on an express contract to ship the cattle, but sought to recover on an implied contract on the part· of appellee to ship the cattle as directed. The amended petition, which was filed more than three years after the cause of action occurred, sought to charge appellee on an express contract. We think the amended petition declares on a different cause of action from that set out in the original petition. Four tests are applied in ascertaining whether actions are identical, one of them being: Would the same evidence support either of them? And another is: Would the allegations of each be subject to the same defense? The pleadings in this case cannot meet the demands of either of these

tests. If the case had been tried on the original petition, the pleadings would have been met by proof that appellant requested appellee to ship the cattle and that it did so in a negligent manner. Its liability, if any, would have rested on its implied agreement to perform a gratuitous service for appellant. To meet the allegations of the second petition it became necessary to prove that appellee, for a valid consideration, expressly agreed to ship the cattle as directed by appellant, and failed to comply with its agreement to appellant's damage. The two pleadings furnish separate and distinct causes of action." 105 S. W. 48.

In the case before us the plaintiff in his original petition declared upon a tort, charging the defendant with negligently and maliciously failing upon his request to perform its legal duty to divert a car of vegetables from its original destination to another point. In the amended petition he declared upon an express verbal contract made by him with the railway company through one of its agents, whereby plaintiff should have the right to sell his goods while in transit and upon notice to have them diverted to a new destination and delivered to such purchaser.

If the case had gone to trial upon the first petition, to recover, the proof must have shown, in addition to the fact of shipment, only that it had requested the carrier to divert the goods to another point, and that such request was timely and would impose no unreasonable or new burden upon the carrier to perform. The measure of damages would have been the difference between the price the goods brought in Chicago and the market price in Minnesota at the time the goods should have arrived there, less cost of carriage. On the other hand, to establish the cause of action set up in the amendment, the proof must have shown that the carrier made an express contract to permit a sale and unconditionally to divert in transit to the purchaser, in which cause the measure of damages would have been changed and would have been the difference between the price for which the goods sold at Chicago and the *contract* price at Minneapolis, less cost of carriage. The pleading in this case is repugnant to all the tests applied by the courts. The same evidence would not support both pleas, the measure of damage is not the same, the allegations are not subject to the same defenses, and a recovery upon one would only bar a recovery upon the other in the sense that proof that a debt has been paid will always bar an action thereon. In fact, it is impossible to conceive a case where such a bar would not exist. In Lumber Co. v. Water Co., supra, if the plaintiff had recovered upon its amended petition, a subsequent presentation of the same claim under the allegations of the original petition would have been res adjudicata. So would it be in every case where there was but one res in issue between the parties.

We conclude that the action declared on in the amended petition was new and different from that set up in the original petition, and that it is apparent from the face of the petition itself that the new cause of action was barred by the two-year statute of limitation.

The judgment of the lower court will therefore be reversed, and judgment here rendered for the appellant.