## BAKER v. HAHN.

(Court of Civil Appeals of Texas. Galveston.
Nov. 22, 1913. Rehearing Denied
Dec. 18, 1913.)

1. BILLS AND NOTES (§ 462*)—PLEADING (§ 8*)
—CONCLUSIONS.

A petition alleging that a note was transferred to plaintiff, followed by a copy of the note, which apparently was signed by defendant, and that by the terms of the note and by reason of the transfer defendant became liable and bound to pay plaintiff according to the terms of the note, does not state a cause of action and will not support a default judgment because not alleging that defendant executed or delivered the note; the allegations that he became bound to pay plaintiff being a mere legal conclusion.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1444, 1445–1461, 1464–1466; Dec. Dig. § 462;* Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. § 8.*]

**2. JUDGMENT (§ 17*)—PROCESS TO SUSTAIN—PERSONAL SERVICE—NECESSITY.**

Execution as in a personal judgment should not be awarded by the judgment in an action against a nonresident commenced by substituted service and attachment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

**3. ATTACHMENT (§ 211*) — FORECLOSURE — PLEADINGS TO SUSTAIN.**

Where an action against a nonresident is commenced by attachment, a default judgment on a petition, not stating a cause of action will not warrant a foreclosure of the attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 706–721; Dec. Dig. § 211.*]

**4. ATTACHMENT (§§ 119, 122*)—ISSUANCE—VALIDITY.**

Where the affidavit and bond for the issuance of an attachment were sufficient, the fact that the petition was subject to general demurrer will not render the issuance and levy of the attachment void, and the petition may be amended without suing out a new writ of attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 214, 323–337; Dec. Dig. §§ 119, 122.*]

**5. JUDGMENT (§ 17*)—PLEADINGS TO SUSTAIN—AMENDMENTS—EFFECT.**

Under district court rules 13 and 14 (142 S. W. xviii), providing for amendments and that, unless the substituted instrument shall be set aside, the instrument for which it is substituted shall no longer be regarded as a part of the pleading, an original petition after an amendment is no part of the pleading, and a service of the original petition, together with notice, upon a nonresident, where the action was begun by attachment, will not support a judgment; the original having been supplemented by an amended petition.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

**6. PROCESS (§ 66*)—SERVICE BY PUBLICATION.**

Under Rev. St. of 1911, art. 1869, providing that, where the defendant is absent from the state or is a nonresident, the clerk shall upon the application of any party to the suit address a notice to the defendant requiring him to answer plaintiff's petition and that a certified copy of the petition shall accompany the notice, the service of a copy of the amended petition is not authorized where the notice made no reference to the amendment.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 53; Dec. Dig. § 66.*]

**7. CONSTITUTIONAL LAW (§ 312*)—DUE PROCESS OF LAW—NONRESIDENTS—ATTACHMENT—EFFECT.**

The issuance and levy of an attachment on the property of a nonresident gives the court jurisdiction to enforce a judgment recovered against the nonresident upon the property, and the enforcement of such judgment is not a deprivation of property without due process.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 928; Dec. Dig. § 312.*]

Error to District Court, Colorado County; M. Kennon, Judge.

Action by A. W. Hahn against N. A. Baker. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. G. Love, of Houston, for plaintiff in error. Townsend, Quin & Townsend, of Columbus, for defendant in error.

REESE, J. In this case A. W. Hahn sued N. A. Baker in the district court of Colorado county on a promissory note for $1,300, payable to P. Hahn, administrator, and alleged to have been by him transferred to plaintiff. The original petition was filed October, 16, 1909. Defendant, Baker, is alleged to be a resident of Cook county, Ill. On July 19, 1910, the plaintiff made affidavit and executed bond as required by statute in such proceedings and sued out an attachment based on the fact that defendant was a nonresident, which was issued July 23, 1910, and levied on July 28, 1910, on two lots in the city of Houston in Harris county, Tex. Thereafter, on January 10, 1912, plaintiff filed an amended petition adopting, without repeating them, the allegations of his original petition as to the debt and alleging the facts with regard to the issuance and levy of the attachment and praying for foreclosure of the attachment lien. Up to this time no service of any kind had been had upon Baker. On January 10, 1912, a notice was issued under the provisions of the statute for service upon nonresidents out of the state. This notice refers to the original petition filed October 16, 1909, and sets out substantially the allegations thereof, and states that a certified copy of this petition accompanies the notice. No reference is made to the amended petition or to the attachment. A true copy of this notice was on January 16, 1912, delivered to Baker in the city of Chicago, Cook county, Ill., by a person duly qualified to make such service, who in his return states that he delivered this copy of the notice "with certified copies of the plaintiff's petition accompanying the same." Thereafter, on February 6, 1913, judgment was rendered in favor of plaintiff against the defendant for the amount of principal, interest, and attorney's fees due on the note, amounting to $2,001.09, and foreclosing the attachment lien. The defendant brings the case to this court for review by writ of error. The parties will be referred to as plaintiff and defendant as in the trial court.

[1] Under his first and second assignments of error defendant, Baker, assails the judgment on the ground that the pleadings of plaintiff are legally insufficient to authorize the judgment. These assignments will have to be sustained. The allegations of the petition are in substance that on the ——— day of ———, 19—, P. Hahn, administrator of the estate of ———, for a valuable consideration transferred to the plaintiff a certain promissory note, followed by a copy of a note for $1,300, dated May 9, 1905, payable December 1, 1905, to P. Hahn, administrator, or order, with interest and attorney's fees, and signed N. A. Baker. It is further alleged that P. Hahn transferred the note to A. W. Hahn, and that by reason of such

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

transfer plaintiff became the owner, and that "by the terms of said note, and by reason of the transfer of same to plaintiff, the said defendant, N. A. Baker, then and there became liable and bound to plaintiff and promised to pay plaintiff the said sum of money according to the terms, reading, and effect of said note." There is no allegation that Baker executed or delivered the note to P. Hahn or to anybody. We have set out every material allegation of the petition on this point. The petition was insufficient to authorize the judgment by default. It stated no legal cause of action against the defendant. The decisions on the point are numerous and uniform. We cite a few of them: Jennings v. Moss, 4 Tex. 453; Fortune v. Kerr, 25 Tex. Supp. 310; Malone v. Craig, 22 Tex. 609; Gray v. Osborne, 24 Tex. 157, 76 Am. Dec. 99; Sneed v. Moodie, 24 Tex. 159; Moody v. Benge, 28 Tex. 545. The allegation that defendant was indebted to plaintiff is a legal conclusion. No facts are stated from which such liability would result. Setting out the note in the petition, including the signature "N. A. Baker," is not equivalent to an allegation that the defendant executed it. The first and second assignments of error are well taken and must be sustained.

[2] The judgment was also erroneous in awarding execution as upon a personal judgment, which was unauthorized. The court could go no further in enforcing payment of the judgment than by a sale of the attached property.

[3, 4] As the petition was insufficient to authorize a judgment for the debt, it did not authorize a foreclosure of the attachment. The judgment of foreclosure must also fail. If the affidavit and bond for attachment were sufficient to authorize the issuance of the writ, and there is no suggestion that they were not, the fact that the petition was subject to general demurrer did not render the issuance and levy of the writ of attachment invalid. Boyd v. Beville, 91 Tex. 439, 44 S. W. 287; Tarkinton v. Broussard, 51 Tex. 550. The case of Thomas v. Ellison, 102 Tex. 354, 116 S. W. 1141, inferentially approves this doctrine, though the attachment was quashed in that case, on the ground that the cause of action set up in the amended petition did not accrue until after the attachment was sued out. The fourth assignment of error presenting this question is overruled.

[5, 6] Appellant complains of the fifth assignment of error that the notice served upon him was not sufficient to authorize the foreclosure of the attachment lien. This assignment must be sustained. The notice was accompanied by a certified copy of the original petition, which had been superseded by the amended original petition, and could be no longer regarded as a part of the pleadings in the record. Rules 13, 14, District

Court (142 S. W. xviii). No reference is made in the notice to the amended petition, and it afforded no authority for a delivery of a certified copy of that also. R. S. 1911, arts. 1869–1871. Other questions presented by propositions under this assignment need not be decided. This is not a collateral attack upon the judgment, and questions which might be material in case of such collateral attack need not be now decided. Bowers v. Chaney, 21 Tex. 368.

[7] We overrule the sixth assignment, which assigns as ground of error that the court was without jurisdiction over either the person or property of defendant, and the judgment is an attempt to deprive defendant of his property without due process of law, in violation of the Constitution of the United States. Cooper v. Reynolds, 10 Wall. 319, 19 L. Ed. 931. The issuance and levy of the attachment gave the court jurisdiction of the property, but the court could proceed no further towards enforcing such attachment by decreeing a sale of the property until service was had upon the defendant in some one of the modes of service provided by statute, or there was a personal appearance in some way. Stewart v. Anderson, 70 Tex. 588, 8 S. W. 295; Barelli v. Wagner, 5 Tex. Civ. App. 445, 27 S. W. 17.

It is only necessary for us to say, on this record, that the judgment must be reversed for the errors indicated. This does not affect the issuance and levy of the attachment, if plaintiff amends his petition so as to state a good cause of action, and the affidavit and bond are sufficient. Boyd v. Beville, Tarkinton v. Broussard, supra.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.