## McGUFFEY v. PIERCE-FORDYCE OIL ASS'N. (No. 945.)

(Court of Civil Appeals of Texas. El Paso. April 3, 1919. Rehearing Denied April 24, 1919.)

1. TRIAL ⚭404(2)—FINDINGS—CONCLUSION OF LAW.

In action for damages for burning of plaintiff's house by fire communicated thereto from defendant's oil tanks, court's findings as a fact that the defendant, "in the manner of the erection and maintaining of its tanks, was not guilty of a nuisance in the place in which the same were erected," held a conclusion of law not sustained by the evidence.

2. NUISANCE ⚭76 — PUBLIC NUISANCE—OIL AND GASOLINE.

Pleading that oil and gasoline are high explosives, and that they were placed upon defendant's property, which is situated upon a public street in a thickly settled portion of a city, held to charge a public nuisance.

3. NUISANCE ⚭3(6)—"PRIVATE NUISANCE"— OIL TANKS—PROXIMITY TO WOODEN BUILDINGS.

Oil and gasoline tanks situated in a thickly built portion of a city, in close proximity to many wooden buildings, held to constitute a private nuisance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Private Nuisance.]

4. APPEAL AND ERROR ⚭1122(2) — DISPOSITION—FINDINGS—CONFLICTING EVIDENCE— REMAND OF CASE.

Appellate court, in concluding that court erred in making findings, is not authorized to make a different finding, where the evidence is conflicting, its sole province in such case being to remand case for new trial.

5. NUISANCE ⚭19 — EXPLOSIVES—ABATABLE NUISANCE.

The storing of highly dangerous explosives in a public place or near a private residence may or may not constitute an abatable nuisance, such question depending upon the manner in which the business is conducted.

6. EXPLOSIVES ⚭8 — LIABILITY FOR FIRE — NEGLIGENCE.

Commercial enterprise storing explosives in a public place or near a private residence is liable for damages if the enterprise is unlawfully or negligently conducted and fire results, the storing of explosives constituting in such case actionable nuisance.

Appeal from District Court, Taylor County; Joe Burkett, Judge.

Suit by Gilbert McGuffey against Pierce-Fordyce Oil Association. Judgment for defendant, and plaintiff appeals. Reversed, and remanded for new trial.

⚭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Kirby & King and Cunningham & Oliver, all of Abilene, for appellant.

E. B. Perkins and W. B. Hamilton, both of Dallas, and J. M. Wagstaff, of Abilene, for appellee.

HARPER, C. J. Appellant filed this suit against the Pierce-Fordyce Oil Company for damages on account of loss by fire of certain houses and their contents, consisting of household furniture, personal effects, and stock of goods.

The allegations of negligence are such as to charge that defendant was maintaining a public and private nuisance by virtue of its warehouse and storage tanks, containing oil, gasoline, etc., being in a thickly built-up portion of the city in close proximity to many wooden buildings, etc., and which were negligently permitted to catch on fire; and, second, that the defendant had in use on the premises a stove burning kerosene, and that said stove was left unattended, and that its warehouse caught on fire from said stove; that the fire was communicated to the oil and gasoline tanks, caused them to explode; and that, by reason of the running burning oil, the fire was communicated to plaintiff's buildings, and they were thereby caused to be consumed by fire.

The defendant answered by general denial, and specially pleaded that the fire was an accident; that the plant was constructed in the usual and customary way; that it had in use the usual and customary appliances and such as was in general use; that they were in no wise negligent in permitting the fire to get out; and that its plant was situated in a part of Abilene used for commercial and industrial purposes, where nearly all of the oil stations were located.

The cause came on for trial without a jury, and the court rendered its judgment for defendant, from which plaintiff appealed.

The court filed the following findings of fact and conclusion of law, upon which the assignments of error are predicated:

"The court finds that on the twenty-first day of December, 1916, that the Pierce-Fordyce Oil Association maintained offices and storage reservoirs, for the selling of lubricating oil, greases, kerosene, and gasoline, on lots seven and eight, in block 37, in the town of Abilene, Texas.

"That the said Pierce-Fordyce Oil Association had in use three cylindrical tanks for the purpose of storing kerosene, oil and gasoline.

"That there was in two of the said tanks about 12,000 gallons of kerosene oil.

"That there was about 300 gallons of gasoline in one of the said tanks.

"That the said Pierce-Fordyce Oil Association used what is known as the Perfection Oil Heater in its office on lot number seven, block number thirty-seven.

"That the said defendant or the employés or agents of the said Pierce-Fordyce Oil Association lighted one of the said oil stoves, and, leaving the same lighted, left said office for the purpose of transferring oil or gasoline from steel barrels to oil or gasoline cans; that they were gone some thirty minutes, and upon one of the employés returning to said office found said office in flames, the fire being around the said oil stove.

"That the office building was consumed by fire, and the said two tanks of kerosene, and one tank which was partially filled with gasoline, were ignited from said fire, and released the oil or kerosene from the two said tanks, which appeared on the ground and ran into the gutter along North Third street, running eastward, the said oil running along the south side of lot six in block thirty-seven, across Ash street, and along the south side of lot seven, block sixty-four, upon which was located the house of the plaintiff, on the east end of said lot.

"That the house of Lavenia Brown, on the southwest corner of lot number 7, in block sixty-four, was not ignited from said oil until after said stream of oil in said gutter had been stopped by reason of the embankment being thrown up by some employés of the Producers' Oil Company after the fire started, and after the oil was running down the ditch at the southeast corner of lot seven, block sixty-four, and that the house of the plaintiff herein, Gilbert McGuffey, was not ignited from the flames of the said oil until after said earthen embankment or dam was constructed.

"That the defendant, the Pierce-Fordyce Oil Association, was negligent in leaving the said lighted Perfection stove in said office for the space of thirty minutes, with no one attending the same, but in no other respect.

"That the proximate cause of the burning of the plaintiff's house was the construction of said earthen dam at the southeast corner of lot number seven, block sixty-four, and that plaintiff's house would not have been ignited by the fire if the earthen dam had not been constructed.

"That the Pierce-Fordyce Oil Association, in the manner of the erection and maintaining of said three storage tanks, was not guilty of a nuisance in the place in which the same were erected.

### Conclusion of Law.

"The court concludes as a matter of law that the earthen dam being the proximate cause of the burning of plaintiff's building and the contents thereof, and that the said building would not have been burned except for the erection of said earthen dam, that the defendant the Pierce-Fordyce Oil Association is not liable for any damages."

Appellant, by assignments and propositions, urges that he is entitled to judgment (1) under the undisputed facts, and (2) by virtue of the findings of the trial court, supported by the undisputed facts not found by the court.

[1] This case is bottomed upon the proposition that the appellant's business, as located, was a nuisance, public and private. The trial court has found as a fact that the appellee, "in the manner of the erection and maintaining of its tanks, was not guilty of a nuisance in the place in which the same

were erected." This is in fact a conclusion of law, and without any findings of fact or facts by the court upon which to base it, and there is very slight evidence, if any, to support the finding.

In his pleading plaintiff does not use the term "nuisance," but pleads the facts which are the constituent elements of a nuisance, both public and private. We are not all in accord in the proposition that to charge the facts alleged shown by the quotations from the pleadings are sufficient to support the theory of the case that it was in violation of a specific ordinance, and thus became a nuisance per se, thus relieving plaintiff of the necessity of proving negligence, because the pleader has not alleged that the placing of the gasoline and oil on brick piers above the ground was inhibited by ordinance.

[2] But that it charges a public nuisance in the respect that it charges that the oil and gasoline, etc., are high explosives, and were placed upon defendant's property, which was situated in a thickly settled portion of the city of Abilene, upon a public street, etc., is clear, and that the facts pleaded constitute the elements of a private nuisance is equally clear, under all of the authorities.

[3] We think, also, that under the evidence the trial court should have found that the defendant was maintaining an actionable private nuisance. Houston E. & W. T. Ry. Co. v. Cavanaugh, 173 S. W. 619; Henderson v. Sullivan, 159 Fed. 46, 86 C. C. A. 236, 16 L. R. A. (N. S.) 691, and note same page, 14 Ann. Cas. 590. In other words, we have concluded that the trial court's findings that the manner of erection and maintenance of the tanks did not constitute a nuisance was clearly wrong when tested by the preponderance of the evidence.

[4] But we are not authorized to make a different finding; our sole province is, where there is any conflict in the evidence, to remand for a new trial. Choate v. San Antonio & Aransas Pass Ry. Co., 91 Tex. 406, 44 S. W. 69; Post v. State, 106 Tex. 500, 171 S. W. 707.

[5, 6] Whether the fact that these explosives were placed in an elevated position instead of underground, in violation of the city ordinance, would, under the pleadings and evidence in this case, justify a finding that it constituted negligence per se (Houston E. & W. T. Ry. Co. v. Cavanaugh, 173 S. W. 620), or whether the fact that it was a storing of high and dangerous explosives in a public place or near a private residence would be sufficient to so classify it, as held in many cases (Ruling Case Law, vol. 11, p. 658), it seems well settled that though the conducting of such a commercial enterprise in such close proximity to private or public property may or may not be an abatable nuisance, depending upon the manner of conducting it, but if unlawfully or negligently conducted it becomes a nuisance for which an action for damages will lie; and upon the further principle that a person must so use his own property as not to injure another in person or property, for such negligent handling constitutes a nuisance. 29 Cyc. 1160; Whittemore v. Baxter Laundry Co., 181 Mich. 564, 148 N. W. 437, 52 L. R. A. (N. S.) 930, Ann. Cas. 1916C, 818, and cases there cited; Texas Refining Co. v. Sartain, 206 S. W. 553.

As to the court's conclusion of law that the earthen dam was the proximate cause of the burning of plaintiff's buildings, we are at a loss to know upon what theory or what evidence this finding is predicated; so upon this question the finding is clearly wrong when tested by all the evidence. True, one witness gave it as his opinion that but for the dam the property would not have caught on fire; but he states no fact upon which his opinion was predicated, and we fail to find facts in the record to support the holding.

Because the findings of facts as to the maintenance of a nuisance, that the house was not ignited until after it was stopped by the embankment, that it would not have ignited but for the earthen dam, and the one conclusion of law, are, when tested by the evidence in this case, so against the preponderance and weight of the evidence as to be clearly wrong, the cause is reversed and remanded for a new trial.

---

☾⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes