**ANDREWS v. MANHATTAN TEXAS PETROLEUM CO. et al. (No. 1444.)**

(Court of Civil Appeals of Texas. El Paso. April 26, 1923. Rehearing Denied June 7, 1923.)

**1. Attachment 267—Garnishment 196— Trial amendment not declaring new cause of action not operating to vacate attachment or garnishment.**

A trial amendment which is the same in all respects as the original petition, except that it named other parties defendants which were not necessary parties to plaintiff's cause of action against the principal defendant, *held* not to have the effect to vacate the attachment or garnishment, no new cause of action being declared.

**2. Associations 20(2)—Suable in company name, and individual members not necessary parties.**

Under Rev. St. art. 6149, an unincorporated association, doing business in Texas, is suable in its company name, and individual stockholders and members are not necessary parties.

**3. Attachment 178—Levy on lands insufficient as levy on defendants' oil and gas leasehold.**

The description of property levied upon in attachment as: "All of the following described property situated in Comanche county, Texas, to wit: Five acres in No. 56 D. & D. A. land. Ten acres in No. 57 D. & D. asylum lands" —and the sheriff's deed thereunder, *held* insufficient to convey any interest in the attachment defendants' leasehold under an oil and gas lease.

Appeal from District Court, Comanche County; J. R. McClellan, Judge.

Action by P. W. Andrews against the Manhattan Texas Petroleum Company and others, in which certain lien claimants intervened. From an adverse judgment, plaintiff appeals. Reversed and remanded.

Jerome P. Kearby, of Comanche, for appellant.

A. W. Christian, Samuels & Brown, and Robert Sansom, all of Fort Worth, Callaway & Callaway, of Comanche, and Scott W. Key, of Eastland, for appellees.

HARPER, C. J. Appellant brought this suit May 28, 1921, against the Manhattan Texas Petroleum Company, alleging the defendant to be "a concern operating under a purported declaration of trust, of which W. A. McCullough is president, and who with Lyles and Waldo were originally trustees, but the names of the present trustees are to the plaintiff unknown; that defendant is a nonresident, with its general offices in city of New York. For cause of action alleged that he, on October 18, 1920, was employed as general superintendent of production; at a salary of $500 per month and expenses; that there was due $4,185.67. Same day sued out and had levied writ of attachment, and levied on the five-acre oil and gas leasehold in controversy.

Writ of garnishment served on Humble Oil and Refining Company, based on the original attachment.

Plaintiff filed what he called by indorsement first and second supplemental petitions, naming in each different persons as trustees, president, and secretary of the defendant company, and asked for service upon them as such.

Citation, by publication issued and published, summoned Manhattan Texas Petroleum Company, operating under declaration of trust, and J. E. Kerr, B. T. Brown, and P. W. Ditto, its trustees.

The court sustained exceptions to the "supplemental petitions," whereupon plaintiff, November 21, 1921, filed trial amendment by which R. Q. Williams is charged to then

---

be the sole trustee of the Manhattan Texas Petroleum Company, set up the same cause of action, and by separate count made the Manhattan Consolidated Petroleum Company, R. J. Williams, trustee, A. J. Beavers, receiver of the latter company, and A. H. Woodfin, parties upon the ground that they claimed some interest in the attached property. ·

Williams as sole trustee and Beaver as receiver and Woodfin filed general denial, and Woodfin specially pleaded that he had filed suit against the Manhattan Petroleum Company, attached the property in controversy as the property of the said company, in whose name the title stood. Recovered judgment with foreclosure of lien, and had September 6, 1921, purchased the property at foreclosure sale; asked judgment for title.

Pat Arnold and Argonaut Oil Company intervened claiming liens upon the property involved. The Humble Oil Company admitted having $4,190.13, tendered it into court.

Plaintiff replied to the answers and pleas of intervention, the details of which are disclosed in the opinion so far as applicable.

Tried by the court, and judgment rendered that plaintiff take nothing. For Woodfin, that he recover the lease subject to the liens of Pat Arnold and Argonaut Oil Company, etc. Andrews appealed.

The court filed findings of fact and conclusions of law. The first is to the effect that the evidence is insufficient to show that appellant had a contract to work for the defendant, Manhattan Texas Petroleum Company. This finding is attacked by the first assignment and proposition upon the ground that under the undisputed evidence he is entitled to a finding and judgment in his favor.

We are of the opinion that appellant's contract with the defendant company was conclusively proven. There is affirmative testimony to that effect, supported by letters written by the president of the company upon its letter head, and there is no affirmative evidence to the contrary.

The court found:

"That the filing of plaintiff's first and second supplemental petitions and trial amendment did not relate back to the time of filing original petition so as to give vitality to plaintiff's attachment, but same having made new parties, the trustees, constituted a new cause of action and thereby vacated the attachment and garnishment proceedings."

[1] There was no new cause of action declared on in the trial amendment, but the same in all respects as the original where it named other parties defendants; but they were not necessary parties to his cause of action as against the defendant company. Therefore it could not have the effect to vacate the attachment or garnishment. Boyd v. Beville, 91 Tex. 439, 44 S. W. 287.

[2] The defendant Manhattan Texas Petroleum Company is an unincorporated association, doing business in Texas, so found by the trial court, and as such was suable in its company name, and it was not necessary to make the individual stockholders or members parties to the suit. Article 6149, Revised Civil Statutes of Texas. Wells v. Mackay Tel. Cable Co. (Tex. Civ. App.) 239 S. W. 1001; McCamey v. Hollister Oil Co. (Tex. Civ. App.) 241 S. W. 689.

The pleadings and evidence reveal the contentions, and raised by assignments of error: That the Manhattan Texas Petroleum Company had assigned its interest in the leasehold to the Manhattan Consolidated Petroleum Company; that the claim of appellee A. H. Woodfin depends upon the facts relative to their sale, together with the further facts of a valid judgment, attachment, foreclosure sale under the attachment, and purchase of the property (leasehold) by him; also lis pendens notice of suits, and the status of the property now held by the receiver of the Manhattan Consolidated Company.

[3] The description of the property levied upon in the attachment of Woodfin v. Manhattan Consolidated Petroleum Company is:

"All of the following described property situated in Comanche county, Texas, to wit: Five acres in No. 56 D. & D. A. land. Ten acres in No. 57 D. & D. asylum lands."

This is insufficient to convey any interest in the leasehold. The sheriff's deed is for that reason void. Neither of the defendant companies shows any title to the land, but only a lease of the surface for mining purposes.

And further reveals that the claim of the Argonaut Oil Company depends upon a valid laborer's lien, as against the Manhattan Texas Petroleum Company, and likewise the claim of appellee Pat Arnold. All of which claims are contested by appellant by pleadings and facts, and since the record made upon another trial in these respects may be different from the one before us upon this appeal we will not pass upon the relative merits of the claims of these defendants, especially in view of the fact of the pending receivership of the Manhattan Consolidated Company, which may require other and different orders in the distribution of the funds by the trial court.

For the reasons assigned, the cause is reversed and remanded.

### On Motion for Rehearing.

The appellees attack our holding "that appellant's contract with the company was conclusively proven." This expression is too extravagant and is for that reason withdrawn.

The finding of the court is as follows:

"I find that on October 18, 1920, W. A. McCullough made a parol contract of some sort with plaintiff, P. W. Andrews, for employment of him, and that on same date McCullough wrote a letter to Andrews 'confirming the conversation this day had with you,' as shown by the letter introduced in evidence, which was dated October 18, 1920, and signed 'W. A. McCullough, president.' and was written on the embossed letter heads of the Manhattan Petroleum Company, which purported to show the names of the trustees and officers of said company. And I find that whatever contract said letter evidences was really made, but whether it was made to work for the Manhattan Texas Petroleum Company or for W. A. McCullough individually or for McCullough's interest in some other company, I find the evidence is insufficient to show.

"Plaintiff performed the services specified in said contract," etc.

The findings as to the contract were merely findings of evidentiary facts, and not the ultimate fact.

The fourth finding:

"I find that subsequent to W. A. McCullough, Walter L. Morris, and W. L. Mann becoming trustees, the said Morris and Mann were shown the written evidence of the plaintiff's contract as signed by W. A. McCullough, president, same being shortly after their induction into office, and that they as such trustees of the Manhattan Texas Petroleum Company acquiesced therein and ratified the same."

These findings do not support a judgment for defendant, but to the contrary. We simply hold that the evidence is such that it shows the judgment appealed from to be clearly wrong, and in such cases it becomes our duty to remand for a new trial. McGuffey v. Oil Ass'n (Tex. Civ. App.) 211 S. W. 335.

Motion is overruled.