## COHN v. IVEY et al.
### No. 11886.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 24, 1948.

Rehearing Denied Jan. 5, 1949.

Smith, Hyde, Barber & Shireman, of Corpus Christi, for appellant.

W. B. Moss, of Sinton, and Ward & Brown, of Corpus Christi, for appellees.

NORVELL, Justice.

This is an appeal from an order dismissing a bill of review filed by appellant, Sam Cohn, as plaintiff, after special exceptions to the petition had been sustained and appellant had declined to amend.

The petition alleged that a default judgment had been rendered against Cohn on October 30, 1947, for the sum of $1,134.-62, because he had failed to answer a writ of garnishment which had been served upon him on the third day of July, 1947. This writ was ancillary to a claim asserted by the Taft Lumber Company against one E. L. McCracken.

Appellant alleged two reasons for his failure to answer the writ:

First, that after the service of the writ of garnishment upon him, Taft Lumber Company (a copartnership composed of Ben E. Ivey and C. E. Turner), plaintiff in the suit against McCracken, filed an amended petition in the main suit bringing in Cohn as a party defendant along with McCracken. Appellant answered the main suit but did not reply to the writ of garnishment previously issued, wherein he and the Taft Bank of Taft, Texas, were named as garnishees. The main suit and the garnishment proceedings were docketed under the same number (Cause No. 6709) and Cohn alleged that he thought his answer in the main suit would be considered by the court as an answer to the writ of garnishment and prevent a default.

Second, that Taft Lumber Company, plaintiff in said Cause No. 6709 (appellee here), by amending its petition in the main suit after service of the writ of garnishment had abandoned the garnishment proceedings insofar as appellant was concerned; that appellant was prevented from filing an answer to the writ of garnishment showing a meritorious defense because of the fraud of counsel for the plaintiff, and that counsel for appellant was prevented from learning the true nature of the judgment in the garnishment proceedings by the acts of counsel for plaintiff in the garnishment proceeding until it was too late to move for a new trial or appeal therefrom.

This latter charge was amplified by pleadings alleging that at the time the case was tried, appellant's attorney was under the impression that the garnishment proceedings against his client had been discontinued; that the court took said Cause No. 6709 under advisement and rendered judgment at a time when appellant's attorney was not present, and that counsel for appellee had intentionally refrained from informing appellant's attorney of the fact that a judgment had been render-

ed against his client upon the writ of garnishment.

It is disclosed by an exhibit attached to the petition, that on October 20, 1947, the date upon which judgment was rendered, appellee's attorney wrote the following letter to attorney for appellant·

"Dear Sir:

"The judge is winding up here this morning and we wanted to dispose of the Taft Lumber Company vs. McCracken and I conceded that the contention of your brief was well taken, so the judge entered the judgment to that effect, a copy of which I am sending you.

"I am not sending you a copy of the garnishment judgment as I presume you are not employed in that part of the case."

The judgment in the main suit was in favor of Cohn as a defendant. However, a judgment was rendered against him upon his default in replying to the writ of garnishment.

On November 4, 1947, appellant's attorney by letter requested the appellee's attorney to send him a copy of the garnishment judgment. This letter was attached to the petition but it is alleged that no reply thereto was received until December 1, 1947, at a time when it was too late to file a motion for new trial or perfect an appeal. It appears that the present suit was filed on or about December 8, 1947, after a writ of execution had been issued.

■ We are of the opinion that the order of dismissal rendered by the trial court can not be disturbed by us. No allegations are set forth in the petition which would justify a holding that the plaintiff in Cause No. 6709 had waived or dismissed the writ of garnishment by amending its petition. Andrews v. Manhattan Texas Petroleum Co., Tex.Civ.App., 252 S.W. 878. Taft Lumber Company by its amendment continued to assert that E. L. McCracken, the original defendant, was indebted to it in a substantial amount of money. The suit against McCracken was not dismissed and the garnishment against Cohn was based upon the claim against McCracken.

It is not alleged that the belief that the garnishment proceedings had been discontinued was induced by a representation to that effect made by appellee's counsel. It affirmatively appears that on the day the judgment was rendered appellee's counsel wrote a letter to counsel for appellant and notified him that a judgment had been rendered in the garnishment proceedings.

■ We are of the opinion that the allegations of the petition were insufficient as a basis for relief by bill of review, because of collateral fraud. We hold that the trial court properly dismissed the cause upon appellant's refusal to amend the petition after the sustaining of the special exceptions directed against it.

The order appealed from is affirmed.