TEXAS REFINING CO. v. SARTAIN et al.
(No. 8000.)

(Court of Civil Appeals of Texas. Dallas. Oct. 19, 1918. Rehearing Denied Nov. 30, 1918.)

1. TRIAL ☞295(5) — INSTRUCTIONS — CONSIDERATION AS A WHOLE.

The charge as a whole, predicating plaintiff's right to recover on operation of defendant's mill in such manner as to constitute a nuisance, adding to defendant's requested charge that erection of the building gave no cause of action, the words, "unless in the operation thereof a nuisance was created," was not misleading.

2. TRIAL ☞250 — INSTRUCTIONS — REQUESTS—CONFORMITY TO ISSUES.

Defendant's requested charge that it was not required to operate its plant to suit the extraordinary habits, tastes, or sensibilities of others was properly refused, claim to the contrary not being made by plaintiff's pleading or evidence.

3. NUISANCE ☞64 — CONDUCT OF LAWFUL BUSINESS.

That a business is lawful, and so does not constitute a nuisance per se, does not prevent recovery, where it is conducted unlawfully, or so as to constitute a nuisance, damaging neighbors.

4. TRIAL ☞260(1) — INSTRUCTIONS — REQUESTS COVERED.

It is enough that the substance of a requested charge has been given.

5. TRIAL ☞256(8) — INSTRUCTIONS — REQUEST.

Where defendant's requested charge does not apply the law to the facts developed, but is merely that the conditions as to annoying persons must have been worse after than before the addition to defendant's mill, and the court so charges as to noises, defendant, if desiring such a charge as to odors, and there is evidence that they were no worse, should specifically request it.

6. TRIAL ☞295(5) — INSTRUCTIONS — CONSIDERATION AS A WHOLE.

General charge having said that plaintiffs could recover only if operation of defendant's mill caused this or that to be conveyed to plaintiffs' premises, etc., instruction, in answer to inquiry of jury, that defendant had right to operate its plant, but if in doing so it provided a condition materially disturbing and annoying persons of ordinary sensibilities, etc., it would be liable, could not have been considered authority for judgment for annoyance suffered by plaintiffs elsewhere than in their home.

7. WITNESSES ☞240(4) — LEADING QUESTION.

The question, "I want you to tell the jury * * * how that [the noise testified to] affected you," is not leading, it not suggesting the answer.

8. WITNESSES ☞237(4) — QUESTIONS ASSUMING FACTS.

Prior testimony of witness fairly tending to support claim of noises coming from defendant's mill, question as to how noise testified to affected witness is not open to objection of assuming existence of the noise.

9. TRIAL ☞260(10) — INSTRUCTIONS — REQUESTS—EQUIVALENTS.

Instruction that if plaintiff, at time of trial, was in bad condition, and this was due to former illness, damages could not be allowed on account of such former illness, is equivalent to defendant's requested charge, that, if plaintiff's then condition was due to former illness, she could recover nothing on account of her health.

10. TRIAL ☞260(3) — INSTRUCTIONS — REQUEST COVERED.

Requested instruction as to matters that must be shown by preponderance of evidence to authorize recovery on the theory of operation of defendant's mill being a nuisance causing plaintiff's ill health, *held* covered by general charge.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by George Sartain and another against the Texas Refining Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Clark & Sweeton, of Greenville, for appellant.

Evans & Shields and Neyland & Neyland, all of Greenville, for appellees.

RASBURY, J. Appellees sued appellant for damages to their property and health alleged to have resulted from the operation of machinery connected with appellant's cotton seed oil mill in buildings adjacent to the home of appellees. The machinery was alleged to consist of cotton and cotton seed conveyers, cotton gins, cotton seed crushers

and hullers, suction pipes, fans, and blowers used in cleaning cotton and cotton seed, the operation of which, it was further alleged, produced loud and unusual noises, and discharged into the air quantities of dust, greasy lint, trash, offensive odors, and poisonous fumes, etc., which in turn were cast upon appellees' home, penetrated therein, settling in large quantities upon their furniture, clothing, and into the water they were compelled to drink and the food they ate, and lodged in their eyes and respiratory organs. As result of such conditions it was alleged that appellees' residence had been depreciated in its market value, Mrs. Sartain injured in health, and George Sartain injured by reason of diminished earning capacity, and for which appropriate compensation was sought.

Appellant, after exceptions, made issue on the facts pleaded by appellees, and specially averred certain affirmative defenses unnecessary to detail. There was jury trial, and general verdict for appellees for $1,400, followed by like judgment, from which this appeal is prosecuted.

The issues presented on appeal do not require a statement of the facts deducible from the evidence adduced by the parties; nor is there any claim that the evidence will not support the verdict of the jury.

[1] The first issue presented by appellant arises upon the court's general charge and the refusal of the court to allow in lieu thereof special charge requested by appellant. The special charge, in substance, informed the jury that appellant had the right to erect upon its land the buildings it did erect, and that the erection of the buildings conferred no right of action upon appellees, though they suffered damages as result thereof. The court's charge was identical with the special charge, save that it contained the qualifying clause, "unless in the operation thereof a nuisance, as explained in the second and third paragraphs of this charge, was created." The contention of appellant is that appellees would have no cause of action against it merely because of the erection of lawful buildings upon its land, even though appellees were actually damaged thereby, but that the court, by the qualification of its general charge, authorized a recovery in that respect. The rule in such cases, in its entirety, is that the owner generally has the right to erect upon his lands any lawful structures and put them to all reasonable uses. If the use to which the buildings are put seriously or materially interferes with another in the comfortable and peaceful enjoyment of his home, or impairs the value of the same, the former is liable in damages for any sum shown to have proximately resulted therefrom, provided the use to which such buildings are put constitutes in law a nuisance; that is to say, produces a condition which would disturb and annoy persons of ordinary sensibilities and of ordinary tastes and habits. Sherman Gas &

Elec. Co. v. Belden, 103 Tex. 59, 123 S. W. 119, 27 L. R. A. (N. S.) 237; Davis v. Joiner, 140 S. W. 252. The pleading of appellees, and the evidence adduced in support thereof, presented a case within the rule stated. The court in the first paragraph of its general charge told the jury, in substance, that the suit was for damages alleged to have been caused by appellant in the operation of its cotton seed oil mill in such manner as to create a nuisance, or materially disturb or annoy persons of ordinary sensibilities and of ordinary tastes and habits. By the second paragraph of the charge the jury was told that the proximate cause of the injury must have resulted, without new or intervening cause, from the operation of defendant's mill. The third paragraph of the charge requires the jury to find from the evidence that the precise injuries complained of by appellees resulted from the operation of appellant's mill. The fourth paragraph advises the jury that it must appear from a preponderance of the evidence that the operation of the additions and improvements constructed and added to appellant's plant produced the results complained of. The sixth paragraph is the one attacked. The seventh, which gives the measure of appellees' damage, bases the recovery from the time that appellant commenced the operation of its plant as charged by appellees. The reference to the charge as a whole is to demonstrate that the jury could not have been misled by the language used in the sixth paragraph of the court's general charge. The pleading, the evidence, and every portion of the court's charge, save the sixth paragraph, has reference to the operation of the plant, and the palpably inadvertent reference by the court to the operation of the buildings could not, in our opinion, mislead the jury into allowing damages for the mere erection thereof. However, even a literal construction of the language would not, in our opinion, support the claim that it permits the allowance of damages for the existence of the buildings. If we close our eyes to all portions of the charge save the sixth paragraph, and construe it literally, it means precisely that no damages for the presence of the buildings are recoverable unless in the operation of the same a condition constituting a nuisance was produced. Buildings cannot, in ordinary meaning, be operated, and as a consequence the qualification was, when applied to the facts of the case, meaningless, and was presumably disregarded by the jury. If the jury attached other than a literal meaning to the word, then it is quite certain that they did it in the light of the issues presented by the pleading and the evidence, and concluded that the court had reference to the machinery therein or the use to which the buildings were put.

For the reasons stated we are constrained to hold that the action complained of did not constitute reversible error.

[2-4] In the second issue presented com-

plaint is made of the refusal of the court to allow special charges 4 and 5, requested by appellant. Special charge 4, in substance, informed the jury that appellant had the right in law to make such reasonable use of its property as it saw fit, and was not required to operate its plant to suit the extraordinary habits, tastes, or sensibilities of others. Special charge 5 informed the jury that an oil mill was a lawful and beneficial commercial enterprise, which appellant had the lawful right to conduct and operate, and damages would not accrue from its mere construction and operation. We conclude the charges were properly refused. As relates to charge 4, there was no recovery sought on the ground that the cotton seed mill was conducted in a manner objectionable to appellees because of their extraordinary habits, tastes, or sensibilities. To have so charged the jury would have introduced into the case an issue not made by the pleadings or raised by the evidence. As relates to charge 5, the suit was not based upon any claim that appellant's business was unlawful and hence constituted a nuisance per se. The fact that appellant's business was lawful could not defeat or control appellees' right to recover if it was unlawfully conducted. "The inherent lawfulness of the act or use or business complained of is not the sole test. * * * Any business, however lawful in itself, which causes annoyance to those residing in the neighborhood, materially interfering with the ordinary physical comfort of human life, may be adjudged a nuisance. So an act or business which is lawful in itself may be a nuisance where it is done or conducted in a place where it necessarily tends to the damage of another's property. * * *" 29 Cyc. 1160. Appellees' case was not based upon any claim that appellant's business was unlawful, and hence a nuisance per se; but that the business, though lawful, was conducted in an unlawful manner or so as to create a nuisance. However, the court did, in response to oral inquiry from the jury on the precise question, instruct them in writing that appellant "has and had the legal right to operate said plant," followed by the qualification that if in the operation of the plant a nuisance was created, and appellees damaged thereby, appellant would be liable in damages, but that there could be no recovery for noises, dust, lint, etc., unless it produced a condition which would materially disturb and annoy persons of ordinary sensibilities and ordinary tastes and habits.

[5] Among other defenses of the appellant was the claim that the conditions surrounding appellees' home prior to the construction and operation of its mill was as bad or worse than those created by the latter. Evidence adduced by appellant would have sustained such a finding by the jury. On presentation of the court's charge to counsel for appellant objection was made to the first paragraph of the charge on the ground that it incorrectly de-

fined nuisance as applied to the facts of the case in that it failed to present the circumstances and conditions surrounding appellees' home at the time the additions complained of were constructed. Counsel also presented for allowance a special charge advising the jury, in substance, that, in order for the additions complained of to create a nuisance, they must be worse than those existing prior to their construction, which was refused. However, on that issue the court, in the fifth paragraph of the general charge, informed the jury that, if they believed that the noises existing in the vicinity of appellees' home in law created a nuisance, defining same, and further believed that the noises were created in the main by Turner's wood saw, the Greenville Oil Mill, the railway yards, the flour mills, etc., and that the operation of appellant's additions to its plant did not increase said noises in such way as to materially affect persons of ordinary sensibilities and ordinary tastes or habits, surrounded by noises existing before the additions to appellant's plant were constructed, then appellees could not recover on the issue of noises. The foregoing, in our opinion, affirmatively and sufficiently presented the issue of the conditions existing prior to the construction of appellant's additions to its mill, so far as relates to noises. If, as appellant contends, the evidence shows that the offensive odors were as bad formerly, then it should have requested the court by special charge to apply that fact. The special charge requested by appellant and refused by the court, and just referred to, does not attempt to apply the facts developed at trial, but is a general charge, informing the jury that the conditions subsequent to the construction of appellant's additions to its mill must be worse than prior thereto before appellees could recover—so materially worse than former conditions as to materially annoy persons of ordinary tastes and sensibilities. However, we have examined the evidence cited by appellant, and find it does not support the contention that the conditions complained of by appellees, save as to noises, were as bad before the construction of appellant's additions as they were subsequently. It does appear from the testimony of the witness Turner that prior to the construction of appellant's additions there were stagnant pools of water in that vicinity, a mule stable within 30 feet of appellees' home, where there were as many as 12 mules being fed on cotton seed meal and hulls in deep mud, which rendered the vicinity very disagreeable. This witness testified that subsequently the stable was removed, and a machine shop conducted on the same location for a short time, which produced considerable noise. Appellees' complaint was that "the additions to appellant's plant produced loud and unusual noises, and discharged into the air quantities of dust, greasy lint, trash, offensive odors, and poisonous fumes," etc. As we have shown, the

issue of noises was submitted. On the other issues just stated the witness did not testify, and we think it can be fairly said that the evidence failed to disclose that they existed prior to the construction of appellant's additions, and should not have been submitted as one of the prior existing conditions.

[6] As indicated at another point in this opinion, the court, in response to inquiry from the jury, instructed them, in substance, that appellant had the right to operate its plant; but if in the operation thereof it produced a condition which would materially disturb and annoy persons of ordinary sensibilities and of ordinary tastes and habits, and such persons were damaged thereby, appellant would be liable, etc. The claim is made that the charge is erroneous because it not only authorizes damages for annoyance and disturbance of appellees in their home, but anywhere else, as while passing appellant's plant. Obviously the jury had raised some question concerning the right of appellant to conduct the business it was engaged in, and the charge only undertook to answer that question with its qualifications, and we cannot conceive how the jury could have considered it authority for rendering judgment for annoyance suffered by appellees save in their home. The court in its general charge specifically told the jury that appellees could only recover damages if they believed that appellant, by the operation of its mill, "caused noises, offensive odors, dust and lint, or either, to be conveyed to the plaintiffs' premises," etc. In our opinion the point is without merit.

[7, 8] Upon trial of the case appellee Mrs. Pearl Sartain testified in her own behalf. She was asked to describe the noises made by the mill, and among other matters testified: "One of the noises—I don't know where it came from—was like a wagon running without grease, and another noise is an exhaust, like a motorcycle popping off on the street." Whereupon her counsel inquired, "I want you to tell the jury—take the noise like an ungreased wagon, running and popping off like a motorcycle—tell the jury how that affected you." The witness answered, "It made me very nervous. I had to leave home several times to get away from it; it gave me a headache." To the question and answer counsel for appellant objected for the reason that the question was leading and assumed that such noises were made at appellant's plant. The question was not, in our opinion, leading. What was sought to be elicited was the effect the noises named had upon the witness, and did not in any respect suggest the answer to be made concerning the effect. If the question "merely suggests a subject, without suggesting an answer or a specific thing, it is not leading." Jones, Ev. § 816. The subject was the noises; the information sought was the effect it had upon the witness. The other objection to the question, that it assumed the existence of the noises testified to by the witness, is, in our opinion, without merit. The facts in any judicial proceeding on material matters are generally in dispute, and if the rule invoked was enforced it would make it impossible for either side to get before the jury all the facts tending to support their respective theories. The facts testified to by the witness concerning noises fairly tended to support the theory of appellees in that respect, and it followed, we think, as matter of course that appellees were entitled to show how such noises affected the witness.

[9] Upon the claim of Mrs. Sartain that the operation of appellant's mill affected her health, the evidence adduced by appellant tended to show that she had been in poor health for a period of years, and that she was frail and ill prior to and at the time of the construction and operation of the additions to appellant's mill. The court on that issue instructed the jury, in substance, that if they believed Mrs. Sartain, at the time of the trial, was ill or in bad physical condition, and that such condition was due to former illness, they could not consider or allow any damages on account of such former illness. Appellant objected to said charge, and in lieu thereof requested same to be corrected so as to inform the jury, in substance, that if they believed Mrs. Sartain's then condition was due to former illness, then she could recover nothing at all on account of her health. We have compared and carefully considered the two charges, and conclude that, on fair analysis, each charge conveys the same meaning. The court's charge directs the jury that, if Mrs. Sartain's present condition is due to former illness, to allow no damages on account thereof, or, as the court literally puts it, allow no damages on account of the "former" illness. If the jury could not allow anything in damages for her present condition, if due to former illness, it is substantially the same as saying that, if her present condition is due to former illness, to allow her nothing "on account of her health," as the objection put it.

[10] Counsel for appellant presented, and the court refused a charge which, in substance, instructed the jury that Mrs. Sartain was not entitled to recover damages of appellant merely because she was in bad health, but that before she would be entitled to recover damages on account of her health it must appear from a preponderance of the evidence that the operation of appellant's additions to its mill would disturb and annoy persons of ordinary tastes, habits, and sensibilities, and that such operation did in fact materially affect her health, otherwise to return verdict for appellant. The contention is that the charge should have been allowed because within the rule announced in Missouri, Kan. & Tex. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058. By that rule a party, upon

request, is entitled to have the law of the case applied to the evidence, or to have the jury find whether the evidence establishes the existence of any specified group of facts which, if true, would in law establish his plea. If the charge refused presented for consideration of the jury any specific fact or group of facts for it to pass upon, it was that they should find by a preponderance of the evidence that the operation of appellant's additions to its mill constituted in law a nuisance, and that that condition affected the health of Mrs. Sartain. We seriously doubt whether such a charge is a grouping of specific facts. However, on that issue the court's charge was full and affirmative. The first paragraph instructs the jury that the nuisance contemplated in appellees' pleading, and referred to in the charge, means a condition arising from the operation of defendant's mill, unbroken by any new or intervening cause, as would naturally produce the injuries complained of, and but for which such injuries would not have occurred. In the third paragraph the jury was instructed that if they believed from the evidence that the operation of the mill caused noises, offensive odors, dust, and lint to be conveyed to and in appellees' house, so as to constitute a nuisance as defined, and as the proximate result thereof appellee Mrs. Sartain suffered illness, she could recover damages, while by the fourth paragraph of the charge they were told that, unless it was shown by a preponderance of the evidence that the operation of the mill did create the conditions complained of, to find for the defendant. It is true that the fourth paragraph of the charge did not specifically refer to the health of Mrs. Sartain, but that issue was made so plain in the other portions of the charge, and followed so closely the enumeration of that issue in the preceding paragraph of the charge, that there can hardly be a reasonable doubt but that the jury was fully aware of the fact that Mrs. Sartain's health must be so affected by the operation of the mill.

Finding no reversible error in the record, the judgment is affirmed.