## BEN. C. TEVIS ET AL. V. J. A. COLLIER ET AL.

### No. 7327.

1. **Idem Sonans.**—*Hieronymus* and Heronymus may be considered idem sonans.

2. **Same — Identity.** — Suit for 320 acres of land patented to William Herony-mus, under bounty warrant in same name. Plaintiffs sued as heirs of William Hier-onymus, proved to have been in Texas and died in 1836, a single man. *Held*, that plaintiffs were entitled to recover.

3. **Limitation of Ten Years.** — The defendants had been in adverse possession from January, 1870, until suit was instituted for the land May 23, 1888. They claimed under a quitclaim to the bounty warrant which they had located upon the land in 1870. *Held*, as to plaintiffs not protected by coverture title by limitation had ma-tured.

4. **Improvements in Good Faith.**—Where defendants making improvements recover an undivided interest in the land sued for, they are entitled to have their im-provements allotted to them in partition if it can be done without injury to the other tenants in common.

5. **Proof by Subscribing Witness.**—A deed was produced with two witnesses. One had proved it for record. The other testified: "The signature on this as a wit-ness is mine. My information is that the other witness is dead. I think the signa-ture of William Armstrong is genuine. I have often seen him write. He frequently called me to witness deeds, but I don't remember whether he requested me to witness this one or not." *Held*, this was sufficient evidence to admit the deed in evidence.

6. **Duly Recorded—Certified Copy from Land Office.**—The deed for the land warrant was deposited with the warrant in the Land Office. A copy of the deed cer-tified from the Land Office was recorded in the county where the land was situated. *Held*, that such registry was regular, and the deed *duly recorded* under statute of lim-itation of five years.

APPEAL from Travis. Tried below before Hon. W. M. KEY. No statement is necessary.

*James B. Goff*, for appellants.—1. In the absence of proof that the witness Doom had been requested by the grantor to sign as a witness, said Doom being present and testifying, but refusing to so testify or that his signature was affixed at the date of the execution of the in-strument, he was not in the position of a subscribing witness, and it was necessary that in addition to proving the signature of the grantor by Doom that defendant should have testified that the testimony of Easton was not accessible. Hence the testimony of Doom was insuffi-cient to prove this execution, as Easton must be regarded as a sub-scribing witness, chosen by the grantor to make the proof, when no ques-tion is raised as to this.

2. A transfer of a land warrant is not an archive of the Land Office unless patent has issued to the assignee, and the Commissioner has no power to certify to a copy, and such copy is not evidence or entitled to registry, neither is a copy of the same when certified by the county clerk. Short v. Wade, 25 Texas, 510.

3. The names Heronymus and Hieronymus are idem sonans. The land having been granted to William Heronymus, as found by the court, and plaintiffs being the heirs of William Hieronymus, as found by the court, they were entitled to judgment for all the land in controversy unless barred by limitation of ten years. ' The five years limitation law does not apply. The deed introduced was not duly registered.

*W. B. Dunham,* for appellees.—The court below was correct in finding that there was no sufficient evidence that the person under whom plaintiffs claim as heirs was the person to whom the certificate was granted.

The court below found: "1. That plaintiffs are the heirs at law of one William Hieronymus, who died in 1836. 2. That the land sued for was located by virtue of a bounty certificate issued by the Adjutant-General in 1852 to William Heronymus or his attorney in fact Turner. 3. That there is no sufficient evidence that the person under whom plaintiffs claim was the person to whom the certificate was granted." Shinn v. Hicks, 68 Texas, 277; Wharton on Ev., sec. 1273.

MARR, JUDGE, *Section A.*—The plaintiffs brought this action of trespass to try title, and claimed the land in controversy as heirs at law of William *Hier*onymus, deceased. The court below decided in favor of the defendant J. A. Collier. The land was located by virtue of bounty warrant No. 1159, issued by the Adjutant-General on the 3d day of November, 1852, for 320 acres of land in the name of William *Her*onymus, on account of military services in the army of the Republic "from the 5th day of August to the 5th day of November," presumably in the year 1836. There is no controversy that the plaintiffs are the heirs of William Hieronymus, but it is denied by the appellee that William Hieronymus and William Heronymus, the original grantee, are one and the same person. The patents were issued to "William Heronymus and his heirs and assigns," in the year 1884.

The district judge found, among other things, that "there is no sufficient evidence that the person under whom the plaintiffs claim was the person to whom the certificate was granted." This conclusion of the court is assigned as error.

In addition to the similarity of name, the plaintiffs made the following preliminary proof upon the question of identity, viz.: That their ancestor "William Hieronymus was a single man, and died about the year 1836, and that he survived both of his parents." These facts were proved by R. C. Tevis, one of the plaintiffs. While there is a slight variation in the first syllable of the name, resulting from the difference in the spelling, and if the pronunciation is not critically idem sonans, still we think that the name of the original grantee and that of plaintiffs' ancestor are one and the same, and not different names. The proper

spelling is Hieronymus, signifying Jerome, but here used as a surname. The name being a very uncommon one in this country, as we may judicially know, the Christian name being identical, the certificate having been granted to a single man for services in 1836, as is indicated by the number of acres, coupled with the facts that the ancestor of the plaintiffs was an unmarried man in that year, or about that time, affords sufficient evidence, at least prima facie, to establish the identity of plaintiffs' ancestor with the person to whom the certificate was granted, and casts the burden of removing this presumption upon the defendant. Chamblee v. Tarbox, 27 Texas, 144; 16 Am. and Eng. Encyc. of Law, pp. 119–121, and notes.

The appellee, however, offered no countervailing evidence upon the subject, and we think, in view of what has been said, that the court erred in deciding that the plaintiffs had failed to identify their ancestor as the original grantee of the certificate. The judgment should therefore be reversed. But the court also held, that "the evidence sustains the defendants' pleas of five and ten years limitation as against the plaintiffs Benjamin P. Tevis and Robert C. Tevis, but does not against Belle T. Speed and Clara M. Gunn." It appears from the petition, that Mrs. Clara M. Gunn inherited an undivided half of the land, and Mrs. Belle T. Speed, B. P. and R. C. Tevis each a one-sixth part thereof. The appellant complains of the finding of the court upon the statutes of limitation. It appears, that the defendant bought the certificate from one William Armstrong in December, 1869, and took a written transfer from him, which was filed with the certificate in the General Land Office. Armstrong is not shown to have had any title to the certificate, but the defendant testified, that he understood that Armstrong claimed it. The defendant immediately caused the certificate to be located upon the land in dispute, and the field notes are dated January 28, 1870. The defendant has been continuously in the actual possession of the land either in person or by tenant ever since its location, and even before that time. This suit appears to have been instituted sometime during the year 1888. Mrs. Gunn was married in March, 1867, and her husband is still living. Mrs. Speed married in July, 1868, and became a widow in July, 1885, but less than five years before the institution of this suit. It follows, therefore, that neither her rights nor those of Mrs. Gunn are barred by limitation. The defendants' possession of the land prior to its location is of no avail, and can not be computed. The plaintiffs had no right of action before that time. It is evident, however, as we think, that the other plaintiffs, B. P. and R. C. Tevis, are at least barred by the statute of limitation of ten years, as held by the court below. Craig v. Cartwright, 65 Texas, 413; Stovall v. Carmichael, 52 Texas, 389; 77 Texas, 578. The defendant, therefore, under this plea is entitled to recover one-third of

the land in controversy, or the portions of B. P. and R. C. Tevis, including his improvements, if they can be set aside to him without prejudice to the other owners in an equitable partition between them. Rev. Stats., art. 3195.

As the defendant in no event could recover more than one-third of the land (or whatever may be the exact portions of B. P. and R. C. Tevis) by limitation, on account of the disabilities of Mrs. Gunn and Mrs. Speed, it becomes unnecessary to decide whether the plea of five years limitation is sustained; nor is it necessary to determine at this time whether the defendant is a purchaser in good faith or not, as found by the court below.

In view of the fact that upon another trial there may be perhaps other evidence adduced as to the identity of plaintiffs' ancestor, and as appellees' counsel requests us to do so, we think that the cause should be remanded for another trial instead of being here rendered. We will add, in view of another trial, that we think the transfer from Armstrong to the defendant was correctly admitted in evidence, as well as the certified copy thereof from the county records of Travis County. The defendants first offered the original, which had been duly proved for record by one of the subscribing witnesses, James D. Easton, on June 6, 1871, and undertook to prove its execution as at common law. The other subscribing witness, Elijah Doom, "on being shown the transfer from Armstrong to Collier, testified, that the signature on this as a witness is mine. My information is, that the other witness is dead. I think the signature of William Armstrong is genuine. I have often seen him write. He frequently called me to witness deeds, but I do not remember whether he requested me to witness this one or not."

We think this evidence was sufficient proof of the execution of the original instrument, and hence it is unimportant whether or not there was error in the ruling of the court in permitting the defendant, over the objection of the plaintiffs, to also testify that the signature of William Armstrong was genuine. The original instrument was not recorded in the county records, but a certified copy thereof, together with its certificate of authentication from the General Land Office, was, on the 6th day of June, 1878 (after the location of the certificate), filed and recorded in the county records of Travis County. The defendant upon the trial offered in evidence a certified copy, from these last mentioned records, of the transfer in support of his pleas of limitation of five years and possession in good faith, etc. The plaintiff objected to the admission of this copy from the records of the County Court, upon the ground, in substance, that it did not show that it had been duly registered, because the law did not permit a copy of the original from the General Land Office to be recorded, and because the original transfer was not an archive of the Land Office.

We think that the court correctly overruled the objections. The transfer was on file in the General Land Office, and though it only purported to transfer the certificate, yet its legal effect was to transfer the equitable title to the land after the certificate had been located. Under the statute, therefore, a certified copy of the original which was on file in the Land Office could be duly registered in the county where the land had been located and surveyed, as was done. Lewis v. Johnson, 68 Texas, 450; Pasch. Dig., art. 4984; Rev. Stats., art 4330; Hearne v. Gillett, 62 Texas, 23. If upon another trial the defendant shall insist upon the five years statute, then we think that this transfer should be deemed to have been duly recorded.

The defendant proved that he had paid all of the taxes upon the land. If it shall again be deemed important to determine whether the defendant is entitled to compensation for his improvements claimed to have been erected in good faith, it will then be necessary to determine whether the instrument under which he claims is of such character as would support that plea.

The transfer from Armstrong is a mere quitclaim and conveys only his right, title, and interest in the certificate with a special warranty, etc.

The judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 17, 1892.