HOLLOMAN v. OXFORD et al. (No. 7972.)

(Court of Civil Appeals of Texas. Ft. Worth. May 9, 1914.)

1. SUBROGATION (§ 3*)—PAYMENT OF DEBT OF ANOTHER.

Plaintiff, who had paid purchase-money notes and discharged of record a vendor's lien against herself and a defendant jointly, was entitled, as against defendant and a purchaser from him with constructive notice, to subrogation to the rights of the holder to enforce payment of half of the joint indebtedness against defendant.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 8–11, 76; Dec. Dig. § 3.*]

2. VENDOR AND PURCHASER (§ 231*)—NOTICE —RECORD—STATUTE.

Where land was conveyed to plaintiff, and a defendant who jointly assumed the payment of outstanding purchase-money notes, and such notes were discharged by plaintiff out of her separate estate, the holder's formal written assignment and conveyance to plaintiff of the notes and of the superior title retained to secure them was an instrument authorized to be recorded under Rev. St. 1911, art. 6823, permitting the recording of all deeds, conveyances, defeasances, or instruments in writing concerning any lands; and hence, the instrument having been duly recorded, a purchaser of the defendant's undivided half interest had constructive notice that plaintiff had paid the purchase-money notes and was entitled as against defendant and himself to enforce the payment of defendant's part of the joint indebtedness.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 487, 513–539; Dec. Dig. § 231.*]

3. SUBROGATION (§ 33*) — EXTENT — ATTORNEYS' FEES AND INTEREST ON NOTE.

Plaintiff who, with defendant, purchased land and· jointly assumed the payment of outstanding vendor's lien notes, and who discharged such notes out of her separate estate and took a written assignment and conveyance of record, on recovering one-half of the amount of such notes from defendant and a purchaser of his undivided interest with notice, was not entitled to recover interest at the rate named in the notes, or the attorneys' fees specified therein and in the judgment.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 96–98; Dec. Dig. § 33.*]

Appeal from District Court, Denton County; Chas. F. Spencer, Judge.

Action by Mabel G. Oxford and her husband, J. N. Oxford, against George W. Oxford, Ira J. Holloman, and another, with cross-plea by Holloman against George W. Oxford. Judgment for plaintiff, and for Holloman against George W. Oxford, and defendant Holloman appeals. Reformed and affirmed.

Owsley & Owsley, of Denton, for appellant. A. Q. Mustain, of Pilot Point, for appellees.

―――――

CONNER, C. J. On the 5th day of August, 1904, H. A. Hale, Elizabeth Dowdell, and others, not necessary to mention, sold and conveyed to F. B. Hearne four certain tracts of land in Denton county described in the plaintiffs' petition in this case. In part payment therefor, Hearne executed five promissory notes each for the sum of $400, the first two of which were made payable to H. A. Hale or order, and the last three were made payable to Elizabeth Dowdell or order, and maturing by their terms on the 1st days of January, 1906 to 1910, respectively, and all secured by vendor's lien on the land. The two notes payable to Hale were duly paid and the liens securing them released. On the 21st day of August, 1909, F. B. Hearne sold and conveyed the land in question to Geo. W. Oxford and Mabel G. Oxford, who in part payment of the purchase money jointly assumed the payment of the last three notes executed by Hearne, and which, as stated, were payable to Elizabeth Dowdell on January 1, 1908, 1909, 1910, respectively, being notes 3, 4, and 5 of the series described in the deed from Hale to Hearne. On the 8th day of March, 1910, Mabel Oxford paid to Elizabeth Dowdell out of her separate estate $1,210, the full amount of principal and interest due upon the three unpaid notes of Hearne, in consideration for which Elizabeth Dowdell executed and delivered to Mabel Oxford formal written assignment and conveyance of said notes 3, 4, and 5 of the Hearne series and of the superior title retained to secure the same. This conveyance was duly recorded in Denton county on the 16th day of March, 1910. Thereafter, on the 2d day of February, 1912, G. W. Oxford, joined by his wife, conveyed his undivided one-half interest in said land to appellant, I. J. Holloman. As part consideration Holloman assumed the payment of note No. 5 of the Hearne series, G. W. Oxford representing at the time that notes 3 and 4 of the series had been paid, as evidence of which Oxford exhibited to Holloman a release from Mrs. Elizabeth Dowdell of the vendor's lien for the first four notes of the series mentioned; the release from Mrs. Elizabeth Dowdell reciting that the last note for $400 alone remained unpaid. This release from Elizabeth Dowdell was dated in February, 1912. At the time of appellant's said purchase and assumption, he had no actual notice of the assignment and conveyance hereinbefore mentioned by Elizabeth Dowdell to Mabel Oxford. Mabel Oxford, however, was without knowledge or participation in the false representations of G. W. Oxford, and she therefore joined by her husband, instituted this suit against Hearne, G. W. Oxford, and appellant seeking to recover one-half of the amount evidenced by the three notes that she had paid to Elizabeth Dowdell with prayer as against appellant for a foreclosure of the vendor's lien.

Upon proof of the foregoing facts, which are substantially undisputed, the court gave a peremptory instruction to the jury, following which judgment was entered in favor of appellees, and appellant has prosecuted this appeal.

The judgment was for $839, which included interest at the rate of 10 per cent. per annum and $76.25 attorney's fees as specified in the notes upon which the plaintiff declared. For this sum the lien was foreclosed upon the undivided one-half interest that had been purchased by appellant; the judgment, however, providing that it should operate against appellant personally to the extent of $200 only. The judgment further found in accordance with appellant's cross-plea in favor of Holloman against George W. Oxford for $400 with interest, etc.

[1] We are of the opinion that the evidence was insufficient to raise the issue of fraud on the part of Mabel G. Oxford. The judgment gave to appellant all the relief available to him because of the fraud of G. W. Oxford and in refusing to submit the issue as to Mabel G. Oxford there was, as indicated, no error.

[2] Objection is also made to the court's peremptory instruction, but the objection must be overruled. We think the assignment and transfer of the legal title from Elizabeth Dowdell to Mabel G. Oxford was an instrument authorized to be recorded under our registration statutes. See article 6823, Revised Statutes; Ballard v. Carmichael, 83 Tex. 355, 18 S. W. 734; Tevis v. Collier, 84 Tex. 638, 19 S. W. 801. If so, regardless of the evidence tending to show that appellant had actual knowledge of facts sufficient to put him upon inquiry, its effect was to give notice to appellant that Mabel G. Oxford had at least paid the three vendor's lien notes that had been assumed by herself and G. W. Oxford, and that, regardless of whether the assignment operated as a transfer of the notes, she was at least entitled to the equitable right, as against G. W. Oxford and his vendees with notice, to be subrogated to the rights of Elizabeth Dowdell to enforce the payment of that part of the joint indebtedness properly resting upon G. W. Oxford. In such event, also, it seems manifest that the subsequent release of the vendor's lien note by Elizabeth Dowdell in February, 1912, was of no force. She had already divested herself by the transfer to Mabel G. Oxford of the superior title originally vested in her, and the subsequent release was of no authorized force. While we are of opinion that the plaintiffs' cause of action was upon the promise of contribution by G. W. Oxford that the law implies, rather than upon the notes themselves (see Faires v. Cockrell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528), yet the distinction in this case, is not very material, affecting, as we can see it, only that part of the judgment which was for attor-

ney's fees and interest at an unauthorized rate. For under the undisputed facts the right of Mabel G. Oxford to be subrogated to the rights of Elizabeth Dowdell to enforce the payment of that part of the joint indebtedness assumed by G. W. Oxford actually paid cannot be questioned. See Faires v. Cockrell, supra; Beville v. Boyd, 16 Tex. Civ. App. 491, 41 S. W. 670; s. c., 42 S. W. 318, and authorities therein cited.

[3] In the case last cited it was held that a surety paying without suit a note that had been assigned to him by the payee providing for attorney's fees might recover such attorney's fees; the opinion proceeding upon the theory of that line of authorities which hold that in such case the surety's cause of action is upon the original obligation. But later on appeal our Supreme Court held otherwise, adhering to the principle, stated in Faires v. Cockrell, that the surety's cause of action was not upon the note, but upon the implied assumption, which, of course, was without agreement to pay attorney's fees or interest at a specified rate. See Boyd v. Beville, 91 Tex. 439, 44 S. W. 287.

If we are correct in the foregoing conclusions, appellees were not entitled to recover interest at the rate named in the notes, or the attorney's fees specified in the judgment. The judgment will therefore be so reformed as to give appellees a decree against G. W. Oxford personally for $605, with interest thereon from the date of Mabel Oxford's payment on the 8th day of March, 1910, at the rate of 6 per cent. per annum, and a like judgment against appellant for $200, with interest as last mentioned from the said 8th day of March, 1910, with a foreclosure of the equitable lien of a vendor as against all parties upon the lands owned by appellant. As so reformed, the judgment will be affirmed, with cost of the appeal taxed against appellees.

Reformed and affirmed.