plaint which fails to allege notification in writing of the time and manner such dipping was required to be done by the commission is fatally defective.

Appeal from Harris County Court at Law; Walter E. Monteith, Judge.

Joel Smith was convicted of violation of the Tick Eradication Act, and he appeals. Reversed and dismissed.

Love & Fouts, of Houston, for appellant.
E. B. Hendricks, Asst. Atty. Gen., for the State.

LATTIMORE, J. In this case appellant was convicted in the county court at law of Harris county, Tex., of a violation of the tick eradication act passed by the Thirty-Fifth Legislature, and on appeal brings his case before us for review. The facts need not be stated, as the case must be reversed and dismissed because the information and complaint are fatally defective.

Section 15 of chapter 60 of the General Laws of Texas enacted by the Thirty-Fifth Legislature (Vernon's Ann. Pen. Code Supp. 1918, art. 1284k) penalizes any person, company, or corporation owning, controlling, or caring for any domestic animal or animals located in any territory quarantined through the provisions of said act who shall refuse or fail to dip such live stock at such time and manner "as directed in writing by the live stock sanitary commission."

This clearly requires the state to allege and prove a notification in writing of the time and manner such dipping is required to be done by the live stock sanitary commission. An inspection of the complaint and information in the instant case discloses a failure to allege that the notification was in writing. This is fatally defective.

The case will be reversed and dismissed.

---

Ex parte JETTY. (No. 5379.)

(Court of Criminal Appeals of Texas. April 16, 1919.)

Appeal from Criminal District Court, Dallas County; R. B. Seay, Judge.

Habeas corpus by Arthur Jetty to obtain bail. From judgment remanding him to custody, relator appeals. Reversed, and bail granted.

Puckitt, Mount & Newberry, of Dallas, for appellant.
E. A. Berry, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Relator resorted to a writ of habeas corpus to obtain bail under a charge of murder, and the court, upon the hearing, remanded him to custody.

We have read the record, and do not purpose to discuss the facts, but have reached the conclusion that the court was in error in refusing bail. The judgment is reversed, and relator is granted bail in the sum of $3,000. Upon the giving of bond in the terms of the law the officer holding relator in custody will discharge him.

Reversed, and bail granted.

---

BRANNAN v. FIRST STATE BANK OF COMANCHE et al. (No. 983.)

(Court of Civil Appeals of Texas. El Paso. May 8, 1919.)

1. APPEAL AND ERROR ⬅994(3)—REVIEW—CREDIBILITY OF WITNESSES.

The court trying the case was the judge of the credibility of the witnesses and the weight to be attached to their testimony.

2. EVIDENCE ⬅589—WEIGHT—TESTIMONY OF PARTY.

Court trying case was not obliged to accept defendant's testimony as true simply because he was not contradicted by some other witness.

3. APPEAL AND ERROR ⬅931(4)—ABSENCE OF SPECIFIC FINDING—PRESUMPTION.

Judgment being for plaintiff, it will be assumed on appeal, in the absence of a specific finding, that the issue of fact presented by defendant's defense was found against him.

Error from Comanche County Court; J. H. McMillan, Judge.

Action by the First State Bank of Comanche against A. O. Brannan and others. Judgment against defendant named, and he brings error. Affirmed.

W. T. McPherson, of Comanche, and 'Ocie Speer, of Ft. Worth, for plaintiff in error.
Smith & Palmer and H. N. Goodson, all of Comanche, for defendants in error.

HIGGINS, J. This is an action by defendant in error against W. C. Weatherby, D. T. Coker, and A. O. Brannan to recover upon a promissory note payable to plaintiff, alleged to have been executed by the defendants. Weatherby did not answer. Coker pleaded non est factum, and Brannan, among other things, pleaded, in substance, that he signed the note in suit as surety for the defendant Weatherby, upon the express condition and understanding that said note would be signed also by Coker; that said note was executed to the plaintiff in renewal and extension of an indebtedness owing by Weatherby, the principal on said note, and that the plaintiff paid no consideration whatever for said

note and parted with nothing of value in accepting the same; that D. T. Coker did not sign said note, but that his signature thereon was a forgery, and that Weatherby unlawfully and fraudulently delivered said note to plaintiff without authority in violation of said agreement; that said note was not executed by defendant, but was only conditionally delivered. There was a trial before the court without a jury. The cause was dismissed as to defendant Weatherby, and a judgment was rendered in favor of defendant Coker upon his plea of non est factum, and against Brannan for the amount of the note.

The court did not file any findings of fact and conclusions of law. In the judgment there is a general finding "that the law and the facts are with the plaintiff as against the defendant A. O. Brannan."

### Opinion.

Plaintiff in error presents only one assignment which he submits as a proposition. It reads:

"The judgment of the court is contrary to the law and evidence in that the evidence conclusively shows that A. O. Brannan signed the said note upon the condition that said note was not to be delivered and become effective except upon condition that D. T. Coker should also sign said note as security, and that the said D. T. Coker did not sign said note as security, and that the plaintiff did not part with anything of value and was not an innocent holder for value, in that said note was given as a renewal note to the same payee, and not an innocent holder for value, and that said A. O. Brannan not being in any way liable for the payment of the first note."

[1-3] The defense that the note was signed upon the condition that it was not to be delivered and become effective unless Coker should also sign the same is supported by the testimony of Brannan alone. There is no supporting corroborating evidence whatever. The court trying this case was the judge of the credibility of the witnesses and the weight to be attached to this testimony. Brannan was a party to the suit and vitally interested. The court was not obliged to accept his statement as true simply because he was not contradicted by some other witness on the stand. It was within the province of the court to disbelieve his testimony. Burleson v. Tinnin, 100 S. W. 350; Coats v. Elliott, 23 Tex. 606; Cheatham v. Riddle, 12 Tex. 112; Railway Co. v. Johnson, 23 Tex. Civ. App. 160, 55 S. W. 772. In the absence of a specific finding upon the issue, it must be presumed that the issue of fact presented by Brannan's defense was found against him by the court. With this issue resolved against him, judgment was properly rendered for the plaintiff in the suit.

Affirmed.

---

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes