### WINCHESTER v. BOGGS et al.

#### No. 1718.

Court of Civil Appeals of Texas. Eastland.

Nov. 24, 1937.

Rehearing Denied Jan. 14, 1938.

T. R. Odell, of Haskell, for plaintiff in error.

B. C. Chapman and Tom Davis, both of Haskell, for defendants in error.

FUNDERBURK, Justice.

Truman Winchester brought this suit against A. C. Boggs and R. I. Johnson to recover upon a note in the principal sum of $400, dated August 5, 1929, payable to Horace Pinkerton, on or before October 1, 1931, and to foreclose against said defendants and one F. L. Peavy a vendor's lien securing said note on land in Haskell county. The suit also included an alternative action against said F. L. Peavy to enforce, as a prerequisite to the foreclosure against him, an asserted equity of redemption claimed by plaintiff as a junior lienholder.

Plaintiff alleged his title to the note in suit, as being derived from one J. B. Post, who had pledged it as collateral security for a loan of $400 made to him by Mary Senn, the guardian of Truman Winchester, under an order of the probate court of Haskell county, authorizing such loan and approving such security; and a foreclosure of the lien on said note in a suit by said Winchester against said Post and the purchase of the note by Winchester at the foreclosure sale. As to F. L. Peavy, it was alleged that he was claiming said premises by virtue of a paving certificate lien purchased from Tibbetts Construction Company, "the exact nature of the said defendant F. L. Peavy's claim and rights in said property being unknown to your petitioner but your petitioner alleges the facts to be that all rights or interest of said * * * Peavy in said premises are inferior to and subordinate to plaintiff's lien and right of foreclosure."

In the alternative claim against Peavy it was alleged that: "If the rights of F. L. Peavy are superior to plaintiff's lien, then and in that event, plaintiff herein tenders into court any amount of money this honorable court may hold to be due defendant F. L. Peavy by virtue of a superior lien on said land described in the vendor's lien note herein sued upon and plaintiff herein now exercises his right of redemption and offers to do equity by tendering into this court whatever amount may be determined by this court to be due the said F. L. Peavy on any lien or right he may have superior to this plaintiff's right."

It is unnecessary to describe the pleadings of defendant Peavy further than to state generally that he claimed title to, and ownership of, the land as the purchaser at the sheriff's sale in a foreclosure by suit, of the paving lien. He prayed, among other things, that his title be quieted.

In a nonjury trial judgment was rendered awarding plaintiff recovery for his debt but denying foreclosure of the alleged lien. Judgment was for Peavy, quieting his title to the land. Plaintiff has sued out writ of error to this court.

It is believed that all material questions presented for decision are included in these two:

First. Whether or not the records of the probate court in the proceeding authorizing the guardian of Truman Winchester to make the loan of $400 to Post secured by pledge, as collateral security, of the vendor's lien note in suit, constituted constructive notice to Peavy so as to require him to make said guardian (or the plaintiff) a party to the suit wherein Peavy foreclosed the paving lien, in order to extinguish plaintiff's equity of redemption.

Second. Did the recitation of the note and lien in suit in a deed, even if the deed was a link in Peavy's chain of title, require him to make inquiry beyond what was shown by the public records in order to discover the holder of the note, and make him a party to the paving lien foreclosure suit in order to foreclose the equity of redemption of such holder?

The first question is not regarded as sufficiently serious to require extended discussion. Within the meaning and purpose of the registration laws, the probate records, in our opinion, do not constitute constructive notice of the recitations therein, except, of course, to the parties and privies to such actions or proceedings. Peavy was not a party to the proceeding relied upon to show constructive notice to him, nor does he deraign title to the land in question through such proceeding so as to constitute him a privy to same. A purchaser of land who does not deraign title through an ac-

tion in the probate court is not chargeable with notice of such action or recitations in the judgment therein. Such judgments are themselves subject to registration. R.S. 1925, art. 6635. In the absence of such registration, they are no more effective as constructive notice than an unrecorded deed would be.

But, aside from all other considerations, even if Peavy, as a member of the public, was required to take notice of probate records generally, the particular proceeding in question does not appear to be included in those required by law to be recorded and which are enumerated in R.S. 1925, art. 3301.

Upon the second question we may approach its consideration with the proposition in mind as a premise, that an assignment of vendor's lien notes is such an instrument as is required by the registration laws to be recorded in order to be effectual against subsequent purchasers for valuable consideration without notice. Moran v. Wheeler, 87 Tex. 179, 27 S.W. 54; Southern Building & Loan Ass'n v. Brackett, 91 Tex. 44, 40 S.W. 719; Patty v. Middleton, 82 Tex. 586, 17 S.W. 909; Traders' Nat. Bank v. Price, Tex.Com.App., 228 S.W. 160; Etheridge v. Campbell, Tex.Com.App., 215 S.W. 441; Henderson v. Pilgrim, 22 Tex. 464; Busch v. Broun, Tex.Civ.App., 152 S.W. 683; Holloman v. Oxford, Tex.Civ. App., 168 S.W. 437; Biswell v. Gladney, Tex.Civ.App., 182 S.W. 1168.

In connection with the proposition last stated, there should also be considered the further proposition that "the holder of a junior lien, after he has purchased the property under a foreclosure of his lien, may redeem the property from prior liens by paying the amount of the prior debts." 28 Tex.Jur. p. 36, § 35. That proposition applies, of course, unless and until there has been a foreclosure of the senior liens. After such foreclosure, the proposition is subject to at least one exception which may be stated as a legal proposition as follows: "The rule is announced, by all the authorities, that a junior incumbrancer who is not made a party to a suit to foreclose a prior mortgage or lien is not affected by the judgment in such suit." McDonald v. Miller, 90 Tex. 309, 39 S.W. 89, 94.

It is to be noticed that the foreclosure involved in this exception is limited to a foreclosure by suit. It does not apply to a foreclosure by sale made under, and in compliance with, a valid contract power of sale. Hampshire v. Greeves, 104 Tex. 620, 143 S. W. 147; Herbert v. Denman, Tex.Civ.App., 44 S.W.2d 441; Tolleson v. Nobles, Tex. Civ.App., 152 S.W. 850.

Since the foreclosure proceeding under which Peavy purchased the land in question was a suit which under the findings of fact involved a prior lien, our question, in its last analysis, may be said to be whether or not the judgment in a foreclosure suit to which all persons interested as junior lienholders are so far as the records disclose made parties is effective to extinguish the equity of redemption of a junior lienholder the transfer to whom is not of record, nor recited in any public record? Another way of stating the question would be whether Peavy in bringing the suit to foreclose the paving lien and desiring to foreclose the equity of redemption of all junior lienholders was under the necessity, in order to accomplish the last-named purpose, of going beyond the facts shown by the county records and to ascertain the identity of possible transferees of liens, the transfers to whom were not of record and to make them parties to the suit.

We are strongly inclined to the view that the plaintiff showed no right to maintain this action as one to enforce his asserted equity of redemption for the reason that, under the general proposition above stated, he had acquired no title by foreclosure of the lien under which he claimed an interest in the land. However, we need not definitely determine this question because, whether correct or not, we see no escape from the conclusion that the purchaser of land at a sale made in accordance with the judgment in a suit foreclosing a senior lien to which suit every owner of any right to, or interest in, the land, as shown by the public records, was a party, and possessing the other requisites of a bona fide purchaser for value, takes title, leaving no outstanding equity of redemption in a lienholder under an unrecorded transfer. Any other view it seems to us would have the effect of nullifying the proposition that a transfer of a vendor's lien is subject to the registration laws.

We therefore conclude that the judgment of the court below should be affirmed, and it is accordingly so ordered.