**STEELE et al. v. CALDWELL et al.**

No. 2194.

Court of Civil Appeals of Texas. Eastland.
Jan. 9, 1942.

Rehearing Denied Jan. 30, 1942.

Marshall & King, of Graham, for appellants.

L. H. Welch, of Breckenridge, for appellees.

GRISSOM, Justice.

H. I. Steele and others filed this suit in trespass to try title to three tracts of land in Stephens County, against Kate Cretsinger Caldwell and husband, John Cald-well, on December 8, 1939. In a plea to the jurisdiction of the district court, defendants alleged this suit necessarily involved an attack upon a judgment of the probate court of Stephens County admitting the will of W. J. Cretsinger, deceased, to probate; defendants further alleged plaintiffs' suit was a collateral attack upon the judgment of the probate court; that more than four years had elapsed since said judgment was rendered, and the district court was without jurisdiction. Defendants also filed a plea in abatement. No action of the court on either the plea to the jurisdiction or the plea in abatement is shown in the record.

In their amended answer defendants pleaded, among other things, not guilty, and the 3, 4, 5, and 10 year statutes of limitation (Arts. 5507, 5529, 5509, 5510). Defendants alleged that plaintiffs, H. I., W. J., J. L. and W. E. Steele and Charity Bell Steele Harvey, are the children and heirs of Hettie Steele; that C. and P. T. Cretsinger, Edna Cretsinger Kennedy, H. P. Cretsinger, Estes Cretsinger, Lillie Harrison, Charity Cretsinger and Hall Cretsinger, are the children and grandchildren of Emma Gann Cretsinger, who is the widow of E. L. Cretsinger; that Carrie Lisle, B. Lisle, Bessie Lisle, Bessie Reeves, Della Lisle, a widow, Pete Lisle, Bill Lisle, Johnny Bess Lisle and Paul Lisle, are the children and grandchildren of Sarah T. Lisle, who is the deceased wife of P. F. Lisle; that on the 16th day of December, 1929, Hettie Steele, a widow, E. L. Cretsinger, Lou Cretsinger, Sarah T. Lisle, P. F. Lisle, and D. E. Barron and Emma Cretsinger, the said D. E. Barron acting for himself and as guardian of the estate of Edward Barron, a minor, and the said E. L. Cretsinger acting for himself and as guardian of the estate of Lou Cretsinger, did by deed of said date convey to W. J. and Kate Cretsinger tract No. 1 described in plaintiffs' petition; that said deed was duly acknowledged by said grantors and recorded in the deed records of Stephens County December 30, 1929; that since the 16th day of December, 1929, Kate Cretsinger Caldwell and her husband W. J. Cretsinger continuously owned and possessed all of said lands, using, claiming, occupying and enjoying the same under and by virtue of said deed, and that by reason thereof plaintiffs were estopped from asserting any right, title or interest in and to said land, as against the defend-

ant, Kate Cretsinger Caldwell, the legal owner of all of said property "in her own right." Defendants then alleged that W. J. and Kate Cretsinger, now Kate Cretsinger Caldwell, executed a joint and mutual will whereby they each devised and bequeathed all their property to the survivor; that after the death of W. J. Cretsinger said will was admitted to probate; that thereby the title of W. J. Cretsinger passed to, and vested in, Kate Cretsinger Caldwell. Defendants alleged tracts Nos. 2 and 3 described in plaintiffs' petition were the community property of W. J. and Kate Cretsinger; that all right, title and interest that W. J. Cretsinger had in said two tracts passed to and vested in the defendant Kate Cretsinger Caldwell upon the death of W. J. Cretsinger "under and by virtue of the terms of the last will and testament of the said W. J. Cretsinger." Defendants then alleged that the lands described in plaintiffs' petition were community property of W. J. and Kate Cretsinger and had W. J. Cretsinger not devised his interest in said land to his wife, she would have been entitled to all of said property by virtue of the law of descent and distribution, and that she now owns all of said property under both the law of descent and distribution and the will of W. J. Cretsinger which, it was alleged, had been duly probated. Defendants alleged that by the terms of said will Kate Cretsinger Caldwell was made the independent executrix and sole beneficiary thereof; that after the death of W. J. Cretsinger said will was duly admitted to probate; that the order admitting said will to probate was entered in the probate court of Stephens County more than four years prior to the institution of this suit; that no appeal was taken from said order; that it is a final judgment of a court of competent jurisdiction and had been for more than four years prior to the filing of plaintiffs' suit. Defendants alleged plaintiffs' suit was a collateral attack upon the final judgment admitting said will to probate and is barred by the four year statute of limitation.

The record shows conclusively that tracts Nos. 2 and 3 were purchased by W. J. Cretsinger prior to his marriage to Kate Cretsinger Caldwell and that at the time of said marriage $1,000 of the purchase price of said two tracts was unpaid; that tract No. 1 was inherited by W. J. Cretsinger from his father and mother, H. J. and Charity Cretsinger, and that the deeds from the plaintiffs, or some of the plaintiffs and the ancestors of the other plaintiffs, in which both W. J. and Kate Cretsinger were named as grantees, were merely partition deeds designating the portion of the property W. J. Cretsinger was entitled to as an heir of his father and mother. Said partition deeds conveyed no title. Walling v. Harendt, Tex.Civ.App., 37 S.W.2d 280, 282; Hunt v. Bagwell, Tex.Civ.App., 111 S.W.2d 312. Tract No. 1, having been acquired by W. J. Cretsinger by inheritance, belonged to his separate estate. Tracts Nos. 2 and 3, having been acquired by W. J. Cretsinger by purchase before his marriage to Kate Cretsinger Caldwell, were the separate property of W. J. Cretsinger and constituted no part of the community estate of W. J. and Kate Cretsinger. Art. 4613; Reed v. Benjamin State Bank, Tex. Civ.App., 114 S.W.2d 365.

The trial was to the court and at its conclusion judgment was rendered that plaintiffs take nothing by their suit. Plaintiffs have appealed.

The court filed findings of fact and conclusions of law. The court found, among other things, that in August, 1917, Hettie Cretsinger Steele and husband, I. W. Steele, Sarah T. Lisle and husband, P. F. Lisle, E. L. Cretsinger and wife, Emma Cretsinger, Nettie Cretsinger Barron and husband, D. E. Barron, and Lou Cretsinger, conveyed tract No. 1 described in plaintiffs' petition to W. J. Cretsinger and Kate Cretsinger; that said deed was duly recorded in Stephens County in August, 1917; that after said date W. J. Cretsinger and Kate Cretsinger owned, occupied and enjoyed jointly said tract No. 1 until the death of W. J. Cretsinger in January, 1934; and that Kate Cretsinger Caldwell, his widow, has owned, used, occupied and enjoyed said tract No. 1 from the death of her said husband in January, 1934, down to the present time; that in December, 1929, Hettie Cretsinger Steele, a widow, E. L. Cretsinger and wife, Emma Cretsinger, E. L. Cretsinger, guardian of the estate of Lou Cretsinger, and D. E. Barron the surviving husband of Nettie Cretsinger Barron, for himself and as guardian of the estate of Edward Barron, the child of himself and deceased wife, and Sarah T. Cretsinger Lisle, joined by her husband, P. F. Lisle, by quit claim deed quit claimed all right, title and interest in

and to said tract No. 1 to W. J. and Kate Cretsinger jointly; that said deed was duly recorded in the deed records of Stephens County in December, 1929; that W. J. Cretsinger and Kate Cretsinger "owned, occupied, farmed, used and enjoyed all of the lands described in plaintiffs' original petition, from the date of their marriage in 1912 and from the date of the warranty deed in 1917, continuously thereafter until the date of the death of W. J. Cretsinger in January 1934, claiming, using and enjoying the same under deed duly executed and registered, and adversely to the world, and the said Kate Cretsinger Caldwell has owned, claimed, used, occupied and enjoyed all of said lands from the death of her husband, W. J. Cretsinger, under deed duly registered and from the date of his death in January 1934 down to the present time, owning, occupying, using and claiming the same peaceably, adversely to the world." The court's finding of fact No. 16 was that W. J. Cretsinger died in January, 1934, testate, having prior to his death executed with Kate Cretsinger a joint and mutual will in which he devised and bequeathed all his property to Kate Cretsinger and named her independent executrix of his will. (17) That at the time of W. J. Cretsinger's death, neither he nor Kate Cretsinger had any child or the descendants of any child or children living. (18) That W. J. and Kate Cretsinger paid the taxes on the lands here involved as they became due "down to the present time." (22) That on July 25, 1934, Kate Cretsinger filed in the County Court of Stephens County an application to probate the will of W. J. Cretsinger, deceased. (23) "Citation was *issued* on said application by the County Clerk of Stephens County in said cause No. 1051, *July 26, 1934,* and return thereof made by the sheriff of Stephens County, Texas, showing same to have been *executed July 26, 1934,* by posting copy at the court house door in Stephens County, Texas." (Italics ours.) (24) That on September 5, 1934, the application to probate said will was duly heard and proof thereof made in writing and filed in said cause as required by statute and said will admitted to probate. (25) That no protest was filed to the probating of said will and there was no appeal from the judgment admitting it to probate and that no action of any kind had ever been taken in said court attacking the validity of said will or the proceedings probating it. (26) That until

the filing of this suit in trespass to try title, on December 8, 1939, plaintiffs had not filed any character of suit attacking the validity of said will, or its probate, or the title of Kate Cretsinger Caldwell to the lands described in plaintiffs' petition. (27) That more than four years elapsed after the probate of said will before the filing of plaintiffs' petition. (28) That W. J. and Kate Cretsinger owned, used, farmed, claimed and enjoyed all of the lands for more than ten years "during the lifetime of W. J. Cretsinger and adversely and peaceably to all the world." (29) That Kate Cretsinger Caldwell has owned, used, occupied and enjoyed peaceably and adversely to the world, and "under deeds duly registered, the lands described in plaintiffs' petition for more than 3, and more than 4, and more than 5 years prior to the filing of plaintiffs' original petition in the district court in this cause." (30) *"That the proceedings introduced in evidence by plaintiffs,* constituting the probate proceedings in the county court of Stephens County, Texas, *constituted all the court proceedings in said cause."* (Italics ours.) (31) That the probate proceedings were still pending in the county court.

The conclusions of law were, in substance, as follows: (1) That all of the lands described in plaintiffs' petition passed to and vested in Kate Cretsinger Caldwell immediately upon the death of W. J. Cretsinger under his will. (2) That the title to tract No. 1 vested in W. J. and Kate Cretsinger jointly by warranty deed from the plaintiffs dated August 17, 1917 and under a quit claim deed dated December 16, 1929, and the plaintiffs were estopped to deny her title to said land under said deeds. (3) That plaintiffs' cause of action was barred by the 3, 4, and 5 year statutes of limitation. (4) That the probate proceedings "wherein the last will of W. J. Cretsinger was probated, being still pending in the County Court of Stephens County, having never been closed by order of court, the County Court of Stephens County, is the court of proper jurisdiction of said estate and to hear and determine all matters pertaining to said estate."

The court's conclusions of law that plaintiffs' cause of action is barred by the 3, 4, and 5 year statute of limitation cannot be sustained. In the absence of proof of a valid probate of the will, defendants failed to establish title by virtue of the three year statute of limitation.

Plaintiffs' suit being for the recovery of real estate the four year statute (Art. 5529) was not applicable and the court erred in so finding. Rutherford v. Carr, 99 Tex. 101, 105, 87 S.W. 815; Eckert v. Wendel, 120 Tex. 618, 623, 40 S.W.2d 796, 76 A.L.R. 855; 78 A.L.R. 1074, Notes; Green v. Robertson, 30 Tex.Civ.App. 236, 70 S.W. 345, 347, writ refused; Stafford v. Stafford, 96 Tex. 106, 111, 70 S.W. 75. Plaintiffs' claim to a half interest in the lands of W. J. Cretsinger, deceased, rests upon their contention that the lands belonged to the separate estate of W. J. Cretsinger and upon his death plaintiffs (together with the Barrons, not parties hereto) inherited a one half interest therein. Since deceased had no children, or their descendants, surviving him, if he died intestate and said property was his separate property plaintiffs and the Barrons, his brothers and sisters, or their descendants, were entitled to one half interest in said lands, and his wife was entitled to the other one half. Art. 2571, sec. 2.

Kate Cretsinger Caldwell's claim to the property is based upon the theory that she acquired title to the lands of deceased by virtue of his will. She also asserts that in the absence of a will she would have inherited the land. Since the evidence conclusively shows that the land was the separate property of deceased, the latter contention cannot be sustained. Nor can defendants establish title to the land by proof of the existence of the will. Proof of its valid probate is required. The finding that Mrs. Caldwell acquired title under the 5 year statute of limitation cannot be sustained. She was not claiming her husband's estate under a deed or deeds duly registered. Art. 5509. Plaintiffs, claiming as heirs, could not have maintained an action for the land prior to their ancestor's death, and limitation did not run before his death. Wilson v. Fields, Tex. Civ.App., 50 S.W. 1024. If it is contended that she is claiming her husband's estate not only under his will, but also under the partition deeds (in which both she and her husband were named as grantees), then it is evident that she did not claim under said deeds more than a half interest, based upon the theory that the property was community, or because she was one of two persons designated therein, as vendees. Since plaintiffs' claim is by virtue of their assumed inheritance together with the Barrons, of a half interest in deceased's land, and defendant Kate Cretsinger Caldwell's real claim to that same interest is by virtue of the provisions of the will, and since the deeds by the plaintiffs to W. J. and Kate Cretsinger, jointly, were merely partition deeds designating the share inherited by W. J. Cretsinger from his father and mother and conveyed no title, it is evident plaintiffs are not estopped, by the execution of such deeds, to deny Kate Cretsinger Caldwell's title. The assertion by plaintiffs of title to a one half interest in the lands of W. J. Cretsinger, deceased, by inheritance is certainly not inconsistent with their act in executing the partition deeds. Hence, conclusion of law No. 2 cannot be sustained.

With reference to the court's conclusion of law No. 1, that the title to the lands passed to and vested in Kate Cretsinger upon the death of her husband by virtue of his will, it has been determined that she cannot prove title thereto by virtue of said will in the absence of proof of its valid probate. Although the will gave her an equitable right to the land, proof of a due and legal probate thereof was requisite as proof of title in said defendant. When said will is so probated it relates back to the time of the death of the testator. The burden was on plaintiffs to prove their title, but it has been held that "an heir is not required, before taking as heir, to prove that the deceased was intestate. The law casts the estate upon proof of the facts which make the heirship." Slayton v. Singleton, 72 Tex. 209, 212, 9 S.W. 876, 877.

If plaintiffs proved the lands were the separate property of deceased, that he left a wife and no surviving children, or their descendants, and that plaintiffs and defendant Kate Cretsinger Caldwell were the sole surviving heirs at law, they were entitled (unless otherwise barred or prevented) to a judgment awarding them an undivided one half interest in the lands in controversy. If the defendant Kate Cretsinger Caldwell had established the facts that the will had been legally probated and that the will devised the land to her, she would have been entitled to a judgment awarding her title and possession.

Plaintiffs contend that the judgment admitting the will to probate is void. Kate Cretsinger Caldwell asserted that the will had been lost and offered

proof of its loss and its contents in the probate court which admitted it to probate as a lost will. Arts. 3335 and 3336 require personal service of citation upon the heirs of the testator resident of this State when a will not produced in court is probated. The record shows that the heirs of W. J. Cretsinger, deceased, at the time of his death and the purported probate of his will, with one possible exception, were residents of this State, were known, and were not so served with citation. The only service of citation was by posting a notice at the court house door, the service applicable when the will is produced in court. The parties agreed that all of the proceedings in the probate court were introduced in evidence in this case. The only service of citation so shown is by "posting" citation at the court house door on "July 26, 1934." The court found as a fact: "Citation was issued on said application by the County Clerk of Stephens County, in said cause No. 1051, July 26, 1934, and return thereof made by the sheriff of Stephens County, Texas, showing same to have been executed July 26, 1934, by *posting* copy at the Court House door in Stephens County, Texas." It is, therefore, evident that there was no service of citation sufficient to authorize the probate of a will not produced in court. The facts found by the trial court and admitted by defendants reveal the insufficiency and show the judgment is void.

Plaintiffs, heirs of the testator, were not personally served with citation as required by Art. 3336. The probate court acquired no jurisdiction over plaintiffs. They were not parties to that suit and were not bound by that judgment. 33 Tex.Jur. 798, 839, 876. The facts admitted and found by the court show lack of jurisdiction of the probate court over plaintiffs. Since personal service of citation on the testator's heirs was required under the facts disclosed by the record, it appears that it would have been proper, if not necessary, for their names and places of residence to have been alleged in the application to probate the lost will. See Massie Drilling Co. v. Nees, Tex.Com.App., 266 S.W. 504; State Mortgage Corp. v. Traylor, 120 Tex. 148, 36 S.W.2d 440; Lipscomb v. Japhet, Tex.Civ.App., 18 S.W.2d 786; Berry v. City of Ft. Worth, 132 Tex. 599, 606, 124 S.W.2d 842; Art. 2050. It is useless to discuss the effect that Art. 3301, sec. 2, requiring citations on applications to probate wills to be recorded in the probate minutes, might have on presumptions in some instances as to the issuance and service of other process, where, as here, the substance of the admission and the court's finding relative thereto is that the only service of citation was one wholly unauthorized by law upon an application to probate a will *not* produced in court. See Roberts v. Connelle, 71 Tex. 11, 8 S.W. 626 and Winchester v. Boggs, Tex. Civ.App., 112 S.W.2d 207.

We do not hold that after proper service of citation the will may not yet be admitted to probate. Lafleaur v. Switzer, Tex.Civ.App., 109 S.W.2d 239, 241; Ryan v. Texas & P. R. Co., 64 Tex. 239. That question is not presented.

The judgment is reversed and the cause remanded.