mour shall be returned to serve his original sentence.

We have repeatedly held that a conditional pardon is a contract between the pardoned person and the State; that its acceptance is an agreement to be bound by the terms thereof, and same can be limited by the terms of the clemency. See Ex parte Davenport, 110 Tex.Cr.R. 326, 7 S.W.2d 589, 60 A.L.R. 1403, for a full discussion thereof; also 20 Ruling Case Law, p. 573, sec. 61; and Ex parte Redwine, 91 Tex.Cr. R. 83, 236 S.W. 96; Redwine v. State of Texas, 261 U.S. 608, 43 S.Ct. 433, 67 L.Ed. 825.

If the relator accepted this conditional pardon, he is bound thereby; if he did not accept such conditional pardon, then the same is no contract and would be ineffective. Therefore, we do not think such clemency would entitle him to his release in view of the revocation thereof.

The writ will be refused.

---

**WINGFIELD v. KENNEDY et al.**

No. 6513.

Court of Civil Appeals of Texas. Texarkana.

June 1, 1950.

Rehearing Denied June 22, 1950.

Paul M. Branch, Kilgore, W. T. Saye, Longview, R. L. Whitehead, Longview, for appellant.

Brachfield, Wolfe & Williams, Henderson, for appellees.

HALL, Chief Justice.

Sometime prior to February, 1938, William Brittian and wife, Annette Brittian, died intestate leaving appellees and Mel-

vin Brittian as their only children. At the time of their deaths, William and Annette Brittian owned 142.5 acres of land located in Rusk County. Dora Brittian is the wife of Melvin Brittian, now deceased. The heirs of William and Annette Brittian inherited the 142.5 acres of land and held the same as tenants in common until partitioned by them in February, 1938. In the partition of the land among the heirs all of them except Melvin Brittian executed a deed to 13.53 acres of the 142.5 acres to Melvin Brittian and wife, Dora. At the same time, the same amount of land out of the original tract of 142.5 acres was conveyed to each of the other heirs and their wives, Melvin and Dora joining therein. Melvin died intestate and without issue in 1948, leaving Dora Brittian as his widow and appellees, brothers and sisters, as his collateral heirs. On September 18, 1948, Dora Brittian deeded the 13.53 acre tract in controversy to appellant, J. L. Wingfield.

Appellees, collateral heirs of Melvin, brought this suit against appellant to recover one-half of the 13.53 acres conveyed to him by Dora, based upon the contention that said land was the separate estate of Melvin. Trial was to the court without a jury and judgment was entered for appellant for a one-half undivided interest in the 13.53 acres and a one-half undivided interest in the same tract of land to appellees, as the heirs of Melvin Brittian.

By his only point appellant contends that the trial court erred in holding that the deed of February, 1938, from the brothers and sisters of Melvin Brittian to him and his wife, Dora Brittian, to the land in controversy conveyed no title to Dora. This point presents the controlling question here. There is no contention on this appeal that the 142.5 acre tract left by William and Annette at their death was not the separate property of all the appellees and Melvin Brittian, the children of William and Annette. The deeds dividing this property among the heirs do not by specific terms state that they are partition deeds but are in the form of warranty deeds conveying the respective shares or blocks. The circumstances surrounding the transaction,

as shown by the respective deeds, are such that the trial court was justified in concluding that the acts of the parties in 1938 in executing a deed to each of the heirs for an exact amount of the common property left by their mother and father, being contemporaneous and calling for block numbers "on the plat of the said William Brittian's 142.5 acre tract," constituted a partition of the common property. Kempner v. Beaumont Lumber Co., 20 Tex.Civ. App. 307, 49 S.W. 412; Tyson v. Spearman, 190 La. 871, 183 So. 201. The fact that the deeds did not divide the entire estate as contended for by appellant, would not make them any less a partition of so much of the common property as is covered by the deeds. Griffin v. Reilly, Tex. Civ.App., 275 S.W. 242.

It is contended by the appellant:

"(1) That the effect of the deed to Melvin Brittian and Dora Brittian was to vest an undivided ½ interest in each of them, and in the absence of any evidence showing a contrary intention, raised a presumption of intention on their part to create a community estate; that, therefore, upon the death of Melvin Brittian, without issue, his wife, Dora Brittian, inherited his ½ community interest and thus became the owner of the whole 13.53 acres, and that the deed from Dora Brittian to the appellant, J. L. Wingfield, vested title in Wingfield to the entire 13.53 acres.

"(2) That if appellant is mistaken in his contention that the deed created a community estate in Melvin and Dora Brittian, the least effect that can be given the deed is that it vested an undivided ½ interest in each of them, as their separate property, and that upon the death of Melvin Brittian, Dora Brittian inherited ½ of his undivided ½ interest, and therefore the deed to Wingfield conveyed ¾ths undivided interest to him."

Under the settled law in this state, the partition deeds did not convey title but only set over to the heirs, who already had title, a definite portion thereof theretofore owned and held in common. Davis v. Agnew, 67 Tex. 206, 2 S.W. 376; Chace v. Gregg, 88 Tex. 552, 32 S.W. 520; Jones v. State, Tex.Com.App., 5 S.W.2d

973; Houston Oil Co. v. Kirkindall, 136 Tex. 103, 145 S.W.2d 1074. The partition among the heirs amounted to nothing more than the location of their part of the common property at a place certain. If no title passed to Melvin by the partition deed from his brothers and sisters certainly no title passed to Dora, his wife. There is nothing in the record to show anything to the contrary. In Reyes v. A. O. Kolberg, Inc., Tex.Civ.App., 101 S.W.2d 351, 352, a fact situation similar to that presented here, it is said: "Prior to the partition deed, appellants did not own any part of the land, but on the contrary, it belonged to their mother, and the mention of their names as joint grantees with their mother in the deed of partition did not have the effect of investing in them any title or interest in the land." Citing cases.

Neither did the partition deed from the brothers and sisters of Melvin in the instant case, in anywise change the ownership of the property. There is no claim that Dora owned any title to the property before the deed, and certainly the deed in which her name appeared with Melvin as a grantee "did not have the effect of investing in her any title or interest in the land." See Steele v. Caldwell, Tex.Civ. App., 158 S.W.2d 867.

Appellant cites several cases to sustain his position. The decisions cited present a sound principle of law, but they do not control the question presented here. The fact situations are different in each case.

Appellant asserts, without any supporting point, that he was an innocent purchaser of the land herein controversy from Dora after the death of her husband. There is testimony in the record to the effect that one of the parties to this suit informed appellant's attorney before appellant purchased the land from Dora, that appellees were claiming an interest in the land. This evidence was not denied. In view of the fact that this case was tried to the court and no findings of fact or conclusions of law were requested, and none filed, it will be presumed in support of the judgment entered that the trial court found appellant bought with notice of appellees' claim.

Brannan v. First State Bank of Comanche, Tex.Civ.App., 211 S.W. 945; Davis v. Hasdorff, Tex.Civ.App., 207 S.W.2d 424.

Finding no error in the record, the judgment of the trial court is affirmed.